Stephen E. Hessler (*pro hac vice* pending)
Patrick Evans (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

James H.M. Sprayregen, P.C.
Ross M. Kwasteniet (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
KUTAK ROCK LLP
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia  23219-3500
Telephone:    (804) 644-1700
Facsimile:    (804) 783-6192

*Proposed Counsel for the Debtors and
Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PATRIOT COAL CORPORATION, *et al.*, | ) Case No. 15-32450 (KLP) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

## DEBTORS' MOTION FOR ENTRY OF INTERIM
## AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO
## ENTER INTO AND PERFORM UNDER COAL SALE CONTRACTS IN
## THE ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF

Patriot Coal Corporation and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), file this motion (the "Motion") seeking entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B** (the "Interim Order" and "Final Order," respectively), (I) authorizing the Debtors to enter into and perform under Coal Sale Contracts (as defined below) in the ordinary course of business and (II) granting related relief.  In support of this Motion, the Debtors respectfully state as follows:

1

## Jurisdiction

1.      The United States Bankruptcy Court for the Eastern District of Virginia (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules").

## Relief Requested

4.      By this Motion, the Debtors seek entry of the Interim Order and Final Order, (I) authorizing the Debtors to enter into and perform under Coal Sale Contracts in the ordinary course of business and (II) granting related relief.

## Background[1]

5.      As of the date hereof (the "Petition Date"), each of the Debtors filed a petition with this Court under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently with the filing of this Motion, the Debtors have requested procedural consolidation and joint administration of these chapter 11 cases pursuant to

---

[1]      A description of the Debtors' business operations, history, corporate and capital structures, reasons for commencing these cases, and facts and circumstances supporting this Motion are set forth in the *Declaration of Ray Dombrowski, Chief Restructuring Officer of Patriot Coal Corporation, Et Al., in Support of First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith.

2

Bankruptcy Rule 1015(b).  No party has requested the appointment of a trustee or examiner in these chapter 11 cases, and no committees have been appointed or designated.

## The Coal Sale Contracts

6.      The Debtors routinely and in the ordinary course of their business enter into contracts with customers to sell coal from the Debtors' mining operations or acquired from other sources ("Coal Sale Contracts").

7.      Entering into and performing under Coal Sale Contracts represents a core and absolutely critical part of the Debtors' operations.  Coal sales generate virtually all of the Debtors' revenues.  The Debtors submit that entering into and performing under Coal Sale Contracts is within the ordinary course of their business.[2]

8.      Because Coal Sale Contracts are long term agreements (sometimes continuing for several years), and because Coal Sale Contracts often cover very large quantities of coal and involve millions of dollars in aggregate purchase price, counterparties may be unwilling to transact with the Debtors without specific authorization from this Court.  If the Debtors had to seek Court approval every time they wished to enter into a new Coal Sale Contract, the Debtors believe that they would be at a competitive disadvantage to their competitors, resulting in a loss of customers and revenues, thus endangering their chances of successfully restructuring.  In the highly competitive coal market, the Debtors must be able to enter into Coal Sale Contracts quickly and efficiently or else they risk losing revenue if certain counterparties are unwilling to accept any perceived risk regarding whether the Coal Sale Contracts are within the ordinary course of the Debtors' business.

---

[2]      Also, in the ordinary course of business, the Debtors negotiate and enter into amendments to various Coal Sale Contracts.  Nothing herein should be construed to limit the Debtors' ability to amend Coal Sale Contracts in the ordinary course of business.

K&E 35984089

9.     At this critical early stage of the Debtors' restructuring process, the Debtors must be allowed to continue generating revenue from new Coal Sale Contracts.  The loss of even a few of new Coal Sale Contracts could materially impact the Debtors' business plan and jeopardize their restructuring.  Thus, it is critical that the Debtors are able to reassure their counterparties that entering into new Coal Sale Contracts with the Debtors is permissible under applicable law and authorized by the Court.

10.     In the normal course of operations, there can be a delay of up to a month or more in arranging transportation of coal to the Debtors' customers.  For example, to reserve rail, barge, or vessel transportation in June, the Debtors ordinarily would need to commit to the shipping provider by no later than the third week of May.  The Debtors must therefore immediately begin to negotiate Coal Sale Contracts with potential customers to provide for timely June deliveries. Since the Debtors need to carefully manage their inventory levels to remain competitive and maintain their liquidity, any disruption in sales or shipping is likely to lead to the idling of mining complexes.  Immediate relief is required to maximize the Debtors' revenues and chance of successful restructuring, and granting the relief requested herein would clearly benefit the Debtors' estates and promote the interests of all stakeholders.

11.     Pursuant to their company policies, the Debtors also follow an internal review and approval procedures before entering into Coal Sale Contracts.  Such internal procedures help the Debtors ensure that entering into a Coal Sale Contract makes good business sense and is in the Debtors' best interests.  The Debtors will, of course, continue to follow these internal procedures, as the same may be modified from time to time in the Debtors' business judgment.

K&E 35984089

## Basis for Relief Requested

**I.     The Coal Sale Contracts Are Ordinary Course Transactions.**

18.     As explained above, the Debtors believe the Coal Contracts are undeniably transactions entered into in the ordinary course of their business.  Section 363 of the Bankruptcy Code provides, in relevant part, that a debtor in possession "may enter into transactions . . . in the ordinary course of business without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing."  11 U.S.C. § 363(c)(1).  The purpose of section 363(c)(1) of the Bankruptcy Code is to enable a debtor in possession to engage in the ordinary transactions required to operate its business without undue oversight by creditors or the court.  *See In re Dornier Aviation (North Am.), Inc.*, Nos. 02-82003 (SSM), 02-82004 (SSM), 2002 WL 31999222, at *7–8 (Bankr. E.D. Va. Dec. 18, 2002) (citing *In re Roth Am., Inc.*, 975 F.2d 949, 952 (3d Cir. 1992)); *see also Med. Malpractice Ins. Ass'n v. Hirsch (In re Lavigne)*, 114 F.3d 379, 384 (2d Cir. 1997); *Chaney v. Official Comm. of Unsecured Creditors of Crystal Apparel, Inc. (In re Crystal Apparel, Inc.)*, 207 B.R. 406, 409 (S.D.N.Y. 1997).  "The 'ordinary course of business' standard is intended to allow a debtor the flexibility it needs to run its business and respond quickly to changes in the business climate."  *Habinger, Inc. v. Metro. Cosmetic & Reconstructive Surgical Clinic, P.A.*, 124 B.R. 784, 786 (Bankr. D. Minn. 1990).

19.     The Bankruptcy Code does not define "ordinary course of business."  However, "through a synthesis of case law, courts have developed a workable analytical framework for determining whether an activity is within the debtor's 'ordinary course of business.'"  *In re Husting Land & Dev., Inc.*, 255 B.R. 772, 778 (Bankr. D. Utah 2000), *aff'd,* 274 B.R. 906 (D. Utah 2002); *In re Johns-Manville Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986), *rev'd on other grounds*, 801 F.2d 60 (2d Cir. 1986).  A transaction qualifies as "ordinary course" if it:

(i) is "ordinary in the context of" the "pre-petition relationship between the debtor and [its] creditors and (ii) would "be considered ordinary by other businesses in the industry." *See In re Poff Const., Inc.*, 141 B.R. 104, 106 (W.D. Va. 1991); *see also In re James A. Phillips, Inc.* 29 B.R. 391, 394 (Bankr. S.D.N.Y. 1983) ("The touchstone of 'ordinariness' is [] the interested parties' reasonable expectations of what transactions the debtor in possession is likely to enter in the course of its business.  So long as the transactions conducted are consistent with these expectations, creditors have no right to notice and hearing.").

20.    An important characteristic of an "ordinary" postpetition business transaction is its similarity to a prepetition business practice.  *Marshack v. Orange Comm. Credit (In re Nat'l Lumber & Supply, Inc.)*, 184 B.R. 74, 79 (B.A.P. 9th Cir. 1995) (to qualify as ordinary course, payment must be consistent with the past practices and industry standards).  Relevant factors in determining whether a transaction is ordinary include the type of business that the debtor is engaged in, as well as the size and nature of the business and the transaction in question.  *United States ex rel. Harrison v. Estate of Deutscher*, 115 B.R. 592, 598 (Bankr. M.D. Tenn. 1990).

21.    Here, entry into Coal Sale Contracts is an ordinary course transaction based on the Debtors' industry and prepetition practices.  Coal Contracts are at the core of the Debtors' business:  Coal Sale Contracts constitute virtually the Debtors' sole source of revenue.  As such, Coal Sale Contracts are without question transactions in the ordinary course of the Debtors' business.

22.    While the Debtors believe that Coal Sale Contract transactions are certainly within the ordinary course of their business and that they can enter into these contracts without notice and a hearing, the Debtors believe that certain counterparties may be unwilling to accept any perceived risk regarding whether the Coal Sale Contracts are within the ordinary course of

6

business.  As a result, the Debtors' competitors that are not in chapter 11 may have a material

advantage over the Debtors, to the detriment of all parties in interest.  Accordingly, the Debtors

request that the Court enter an order authorizing the Debtors, in their sole discretion and without

further action by this Court or notice to any party, to enter into and perform under Coal Sale

Contracts and take any further actions and execute any agreements or other documentation that

are necessary or desirable to effectuate such Coal Contracts and the transactions contemplated

thereunder.

**II.    Authorizing the Debtors to Enter into the Coal Contracts Is in the Best Interests of the Debtors and their Estates and Creditors.**

23.    Notwithstanding the Debtors' belief that entry into and performance under Coal

Sale Contracts is soundly within the ordinary course of the Debtors' business, the Debtors further

submit that the Court should enter an order granting the relief requested herein because it

represents a sound exercise of the Debtors' business judgment pursuant to section 363(b)(1) of

the Bankruptcy Code and is appropriate under section 105(a) of the Bankruptcy Code.

24.    Section 363(b)(1) of the Bankruptcy Code empowers the Court to allow the

debtor to "use, sell, or lease, other than in the ordinary course of business, property of the estate."

Debtors' decisions to use, sell or lease assets outside the ordinary course of business must be

based upon the sound business judgment of the debtor.  *See In re W.A. Mallory Co.*, 214 B.R.

834, 836 (Bankr. E.D. Va. 1997) ("This Court follows the 'sound business purpose' test when

examining § 363(b) sales.") (citing *In re WBQ P'ship*, 189 B.R. 97, 102 (Bankr. E.D. Va. 1995));

*see also Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063,

1070–71 (2d Cir. 1983) (requiring a "good business reason" to approve a sale pursuant to section

363(b)); *see also In re Chateaugay Corp.*, 973 F.2d 141, 143 (2d Cir. 1992) (holding that a judge

determining a section 363(b) application must find from the evidence presented before him or

7

her a good business reason to grant such application); *In re Ionosphere Clubs, Inc.*, 100 B.R.

670, 675 (Bankr. S.D.N.Y. 1989) (noting that the standard for determining a section 363(b)

motion is "a good business reason").

25.    The business judgment rule is satisfied "when the following elements are present:

(1) a business decision, (2) disinterestedness, (3) due care, (4) good faith, and (5) according to

some courts and commentators, no abuse of discretion or waste of corporate assets." *Official

Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147

B.R. 650, 656 (S.D.N.Y. 1992), *appeal dismissed*, 3 F.3d 49 (2d Cir. 1993) (internal quotations

omitted); *see also In re W.A. Mallory Co., Inc.*, 214 B.R. at 836 (discussing similar requirements

for a section 363(b) sale under the business judgment rule).   In fact, "[w]here the debtor

articulates a reasonable basis for its business decisions (as distinct from a decision made

arbitrarily or capriciously), courts will generally not entertain objections to the debtor's

conduct." *Comm. of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp. (In re

Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986).   Courts in this and other

districts have consistently and appropriately been loath to interfere with corporate decisions

"unless it is shown that the bankrupt's decision was one taken in bad faith or in gross abuse of

the bankrupt's retained business discretion." *Lubrizol Enters., Inc. v. Richmond Metal Finishers,

Inc.*, 756 F.2d 1043, 1047 (4th Cir. 1985) (applying the business judgment rule to a debtor's

decision to reject an executory contract); *see also In re Integrated Res. Inc.*, 147 B.R. at 656.

The Debtors submit that the requested relief represents a sound exercise of the Debtors' business

judgment, is necessary to avoid immediate and irreparable harm, and is justified under section

363(b) of the Bankruptcy Code.

26.     Additionally, section 105(a) of the Bankruptcy Code provides this Court with the power to grant the relief requested herein.  Section 105(a) states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).

27.     The Debtors submit that it is appropriate for the Court to authorize the Debtors to enter into the Coal Sale Contracts because such contracts are vital to the Debtors' business operations.  This authority will eliminate the need to prepare and prosecute motions and obtain express court approval of every Coal Sale Contract and expedite the flow of cash into the estates.  In addition, the relief requested will protect the Debtors against the risk of losing business opportunities or failing to meet existing obligations, maximize the Debtors' active workforce, save the Debtors significant administrative costs, reduce professionals' fees, and enable them to continue their business and generate revenues for the benefit of the Debtors' estates and their creditors.

**The Requirements of Bankruptcy Rule 6003 Are Satisfied**

12.     Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm."  For reasons discussed above, authorizing the Debtors to enter into and perform under Coal Sale Contracts in the ordinary course of business and granting the other relief requested herein is integral to the Debtors' ability to transition their operations into these chapter 11 cases.  Failure to receive such authorization and other relief during the first 21 days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture.  For the reasons discussed herein, the interim relief requested is necessary in order for the Debtors to operate their business in the ordinary course and preserve the ongoing value of the Debtors' operations and maximize the value of their estates for the benefit of all stakeholders.  Accordingly, the Debtors

9

submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support granting the relief requested herein.

## Reservation of Rights

13.     Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.  The Debtors expressly reserve their right to contest any claim related to the relief sought herein.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## Waiver of Bankruptcy Rule 6004(a) and 6004(h)

14.     To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## Waiver of Memorandum of Points and Authorities

15.     The Debtors respectfully request that this Court treat this motion as a written memorandum of points and authorities or waive any requirement that this motion be accompanied by a written memorandum of points and authorities as described in Local Bankruptcy Rule 9013-1(G).

## Notice

16.     The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the Eastern District of Virginia; (b) the administrative agents for the Debtors'

K&E 35984089

prepetition credit facilities; (c) the indenture trustee for the Debtors' prepetition notes; (d) counsel for each of the foregoing referenced in clauses (b)-(c);  (e) counsel to lenders for the debtor in possession facility; (f) those creditors holding the 30 largest unsecured claims against the Debtors' estates on a consolidated basis; (g) the Internal Revenue Service; (h) the United States Environmental Protection Agency; (i) the state attorneys general for states in which the Debtors conduct business; (j) the Office of the United States Attorney for the Eastern District of Virginia; (k) the counterparties to the Debtors' existing Coal Sale contracts; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other of further notice need be given.

### <u>No Prior Request</u>

17.    No prior motion for the relief requested herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just and proper.

Dated:  May 12, 2015
Richmond, Virginia

/s/ Michael A. Condyles

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
**KUTAK ROCK LLP**
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia 23219-3500
Telephone:      (804) 644-1700
Facsimile:      (804) 783-6192

- and -

Stephen E. Hessler (*pro hac vice* pending)
Patrick Evans (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

- and -

James H.M. Sprayregen, P.C.
Ross M. Kwasteniet (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200

*Proposed Counsel for the*
*Debtors and Debtors in Possession*

K&E 35984089

## EXHIBIT A

**Proposed Interim Order**

K&E 35984089

Stephen E. Hessler (*pro hac vice* pending)
Patrick Evans (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

James H.M. Sprayregen, P.C.
Ross M. Kwasteniet (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Counsel for the Debtors and
Debtors in Possession*

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
KUTAK ROCK LLP
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia  23219-3500
Telephone:    (804) 644-1700
Facsimile:    (804) 783-6192

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PATRIOT COAL CORPORATION, *et al.*, | ) Case No. 15-32450 (KLP) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |
| | ) |

## INTERIM ORDER (I) AUTHORIZING
## THE DEBTORS TO ENTER INTO AND PERFORM
## UNDER COAL SALE CONTRACTS IN THE ORDINARY
## COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[1] of Patriot Coal Corporation and certain of its affiliates,

as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of interim and

final orders (this "Interim Order" and the "Final Order," respectively):   (I) authorizing the

Debtors to enter into and perform under Coal Sale Contracts in the ordinary course of business,

---

[1]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

and (II) granting related relief; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Debtors having provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis as set forth herein.

2.      The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2015, at__:__ _.m., prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on _____, 2015, and shall be served on:   (a) the Debtors, Patriot Coal Corporation, 63 Corporate Centre Drive, Scott Depot, West Virginia 25560, Attn:   Joseph W. Bean; (b) proposed counsel for the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn:  Stephen E. Hessler, Esq. and Patrick Evans, Esq., and Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Ross M. Kwasteniet, Esq.; (c) proposed co-counsel to the Debtors, Kutak Rock LLP, Bank of America Center, 1111 East Main Street,

2

8th Floor, Richmond, Virginia 23219, Attn: Michael A. Condyles; (d) counsel to any statutory committee appointed in these cases; (e) Office of The United States Trustee, 701 East Broad Street, Suite 4304, Richmond, Virginia 23219, Attn:  Robert B. Van Arsdale, Esq.; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3.     The Debtors, in their sole discretion, are authorized to enter into and fully perform under Coal Sale Contracts and take any actions and execute any agreements or other documentation that are necessary or desirable to effectuate the transactions contemplated thereunder.

4.     Nothing herein shall impair the Debtors' ability to conduct their business in the ordinary course of business without seeking approval of this Court.

5.     The Debtors, in their sole discretion, are authorized to amend the Coal Sale Contracts and take any actions and execute any agreements or other documentation that are necessary or desirable to effectuate the transactions contemplated thereunder.

6.     Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Interim Order or any payment made pursuant to this Interim Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtors, a waiver of the Debtors' rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

7.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

3

8.      The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

9.      Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules.

10.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

11.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

12.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Interim Order.

Dated:
Richmond, Virginia

_____
UNITED STATES BANKRUPTCY JUDGE

K&E 35984089

WE ASK FOR THIS:

*/s/Michael A. Condyles*
Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
KUTAK ROCK LLP
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia  23219-3500
Telephone:        (804) 644-1700
Facsimile:        (804) 783-6192

- and -

Stephen E. Hessler (*pro hac vice* pending)
Patrick Evans (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:        (212) 446-4800
Facsimile:        (212) 446-4900

- and -

James H.M. Sprayregen, P.C.
Ross M. Kwasteniet (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:        (312) 862-2000
Facsimile:        (312) 862-2200

*Proposed Counsel for the Debtors and*
*Debtors in Possession*

## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

*/s/ Michael A. Condyles*

**<u>EXHIBIT B</u>**

**Proposed Final Order**

K&E 35984089

Stephen E. Hessler (*pro hac vice* pending)
Patrick Evans (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

- and -

James H.M. Sprayregen, P.C.
Ross M. Kwasteniet (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200

*Proposed Counsel for the Debtors and
Debtors in Possession*

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
KUTAK ROCK LLP
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia  23219-3500
Telephone:      (804) 644-1700
Facsimile:      (804) 783-6192

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PATRIOT COAL CORPORATION, *et al.*, | ) | Case No. 15-32450 (KLP) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | |

## FINAL ORDER (I) AUTHORIZING THE
## DEBTORS TO ENTER INTO AND PERFORM UNDER
## COAL SALE CONTRACTS IN THE ORDINARY COURSE
## OF BUSINESS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[1] of Patriot Coal Corporation and certain of its affiliates,

as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of interim and

final orders (the "Interim Order" and this "Final Order," respectively):   (I) authorizing the

Debtors to enter into and perform under Coal Sale Contracts in the ordinary course of business,

---

[1]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

and (II) granting related relief; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Debtors having provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on final basis as set forth herein.

2.      The Debtors, in their sole discretion, are authorized to enter into and fully perform under Coal Sale Contracts and take any actions and execute any agreements or other documentation that are necessary or desirable to effectuate the transactions contemplated thereunder.

3.      Nothing herein shall impair the Debtors' ability to conduct their business in the ordinary course of business without seeking approval of this Court.

4.      The Debtors, in their sole discretion, are authorized to amend the Coal Sale Contracts and take any actions and execute any agreements or other documentation that are necessary or desirable to effectuate the transactions contemplated thereunder.

K&E 35984089

5.     Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Final Order or any payment made pursuant to this Final Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtors, a waiver of the Debtors' rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

6.     The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

7.     Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules.

8.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

9.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

10.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.

Dated:
Richmond, Virginia

_____
UNITED STATES BANKRUPTCY JUDGE

3

WE ASK FOR THIS:

_/s/Michael A. Condyles_
Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
KUTAK ROCK LLP
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia  23219-3500
Telephone:      (804) 644-1700
Facsimile:      (804) 783-6192

- and -

Stephen E. Hessler (_pro hac vice_ pending)
Patrick Evans (_pro hac vice_ pending)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

- and -

James H.M. Sprayregen, P.C.
Ross M. Kwasteniet (_pro hac vice_ pending)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200

_Proposed Counsel for the Debtors and
Debtors in Possession_

## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

_/s/ Michael A. Condyles_