Stephen E. Hessler (*pro hac vice* pending)
Patrick Evans (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

- and -

James H.M. Sprayregen, P.C.
Ross M. Kwasteniet (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
KUTAK ROCK LLP
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia 23219-3500
Telephone:     (804) 644-1700
Facsimile:     (804) 783-6192

*Proposed Counsel for the Debtors and
Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PATRIOT COAL CORPORATION, *et al.*, | ) Case No. 15-32450 (KLP) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER
## (I) ESTABLISHING CERTAIN NOTICE, CASE MANAGEMENT, AND
## ADMINISTRATIVE PROCEDURES AND (II) GRANTING RELATED RELIEF

Patriot Coal Corporation and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), file this motion (this "Motion") seeking entry of an order (the "Order"), substantially in the form of **Exhibit A** attached hereto, (I) establishing certain notice, case management, and administrative procedures and (II) granting related relief. In support of this Motion, the Debtors respectfully state as follows:

**Jurisdiction**

1.      The United States Bankruptcy Court for the Eastern District of Virginia (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 102(1) and 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 5005-2 and 9013-1(M) of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules").

**Relief Requested**

4.      By this Motion, the Debtors seek entry of the Order establishing certain notice, case management, and administrative procedures, attached as **Exhibit 1** to **Exhibit A** hereto (the "Case Management Procedures"), which include the following:  (a) directing that matters requiring notice under Bankruptcy Rule 2002(a)(2)–(6) will be served only to individuals and entities identified on a shortened mailing list and those creditors who, in accordance with Local Bankruptcy Rules 2002-1 and 9013-1(M), file with the Court a request that they receive such notice pursuant to Bankruptcy Rule 2002; (b) allowing electronic service of all documents (except complaints and summonses) for the 2002 List (as defined in the Case Management Procedures); and (c) directing that all matters be heard at periodic omnibus hearings to be scheduled in advance by the Court.

KE 35972303

## Background[1]

5.        As of the date hereof (the "Petition Date"), each of the Debtors filed a petition with this Court under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Concurrently with the filing of this Motion, the Debtors have requested procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  No party has requested the appointment of a trustee or examiner in these chapter 11 cases, and no committees have been appointed or designated.

## Case Management Procedures

6.        The Debtors have thousands of potential creditors who, along with other parties in interest in these chapter 11 cases, may file requests for service of filings pursuant to Bankruptcy Rule 2002 (the "2002 List").[2]  The Debtors also expect that numerous motions and applications will be filed in these chapter 11 cases in pursuit of various forms of relief.

7.        As contemplated by the Case Management Procedures, with the advance scheduling of periodic omnibus hearings, parties in interest—as well as the Debtors—will be better able to plan for and schedule attendance at hearings.  Such forethought will reduce the need for emergency hearings and requests for expedited relief, and will foster consensual resolution of important matters.  Moreover, by directing that certain notices be mailed only to recipients named on a shortened mailing list and those creditors who file a request with the Court to receive such notices, all parties in interest will be assured of receiving appropriate notice of

---

[1]    A description of the Debtors' business operations, history, corporate and capital structures, reasons for commencing these cases, and facts and circumstances supporting this Motion are set forth in the *Declaration of Ray Dombrowski, Chief Restructuring Officer of Patriot Coal Corporation, Et Al., in Support of First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith.

[2]    Bankruptcy Rule 2002(i) provides, in pertinent part:  "[T]he court may order that notices . . . be transmitted to the United States trustee and be mailed only to the committees elected under § 705 or appointed under § 1102 of the Code or to their authorized agents and to the creditors and equity security holders who serve on the trustee or debtor in possession and file a request that all notices be mailed to them."

3

matters affecting their interests and ample opportunity to prepare for and respond to such matters.

8.    Further, a shortened mailing list will significantly reduce the substantial administrative and financial burden that would otherwise be placed on the Debtors' estates and other parties in interest who file documents in these chapter 11 cases.  Similarly, allowing electronic service of documents to those parties listed on the 2002 List in accordance with the Case Management Procedures will further reduce the administrative and financial burden on the Debtors' estates, as well as on other serving parties, and will, in many cases, allow for more expedient service of documents.

9.    Finally, the Debtors' proposed notice, claims, and balloting agent, Prime Clerk LLC (the "Notice & Claims Agent"),[3] intends to establish a case website available at http://cases.primeclerk.com/patriotcoal (the "Case Website"), where, among other things, electronic copies of all pleadings filed in these chapter 11 cases shall be posted as soon as practicable, but in any event within three business days of filing, and may be viewed free of charge.

10.    As noted above, the Case Management Procedures proposed herein are set forth in detail and attached as **Exhibit 1** to **Exhibit A** hereto.  The Case Management Procedures will be (a) distributed to the Core Group (as defined in the Case Management Procedures) and the 2002 List with the *Notice of Commencement of the Chapter 11 Cases*[4] (to save mailing costs) and (b) available at all times by accessing the Case Website.  Moreover, the Debtors will re-distribute the Case Management Procedures to the 2002 List in the event the Case Management Procedures are modified hereafter.

---

[3]    Contemporaneously herewith, the Debtors filed with the Court their *Debtors' Motion for Entry of an Order Authorizing the Retention and Employment of Prime Clerk LLC as Notice, Claims, and Balloting Agent*, seeking approval to retain Prime Clerk LLC as notice, claims, and balloting agent.

[4]    Contemporaneously herewith, the Debtors filed with the Court the *Debtors Motion for Entry of an Order Approving the Form and Manner of Notice of Commencement of the Chapter 11 Cases*.

KE 35972303

## I.    Notice Procedures

11.    Given the administrative cost of mailing notices to all of the Debtors' creditors and parties in interest in these chapter 11 cases, the Debtors request that the mailing matrix for matters requiring notice under Bankruptcy Rule 2002(a)(2)–(6) be limited in accordance with the Case Management Procedures.

12.    The Case Management Procedures shall not, however, affect the Debtors' obligation to give notice to all creditors, parties in interest, and, where applicable, equity security holders of (a) the meeting of creditors, (b) the dismissal or conversion of the Debtors' chapter 11 cases to another chapter, (c) the time fixed to accept or reject a proposed modification of a chapter 11 plan, (d) the time fixed for filing proofs of claim, (e) the time fixed for filing objections to and the hearing on the disclosure statement and confirmation of the chapter 11 plan, or (f) entry of an order confirming a chapter 11 plan.  In addition, the Debtors shall be required to comply with the notice requirements of Bankruptcy Rules 2002(d), 4006, and 4007(a)–(c), and Local Bankruptcy Rule 2002–1(E).

## II.    Electronic Service

13.    The Debtors also request that the Court allow electronic service (where available) of documents to the 2002 List to further reduce the administrative and financial burden of providing notice to the Debtors' creditors and other parties in interest.  The Case Management Procedures contain provisions that the Debtors believe will ensure that electronic service is efficient and effective.   Accordingly, the Debtors request that the Court implement certain procedures in accordance with (a) Local Bankruptcy Rule 5005-2 and (b) the Court's Electronic Case Files Policy ("CM/ECF Policy") ("Administrative Procedures").

14.    Further, the Debtors request that the filing deadlines should not require three additional days' notice as set forth in Rule 6(e) of the Federal Rules of Civil Procedure (indirectly made applicable to contested matters by Bankruptcy Rule 9014(b) and to adversary proceedings by Bankruptcy Rule 7005(b)(2)(D)) and Bankruptcy Rule 9006(f).

## III.    Periodic Omnibus Hearings

15.    Given the number of parties in interest and the size and complexity of these chapter 11 cases, the Debtors respectfully request entry of an order scheduling periodic omnibus hearings (the "Omnibus Hearings") in accordance with the Case Management Procedures and subject to the Court's schedule.  The Debtors will send notices of the Omnibus Hearings to the Core Group and 2002 List when the Omnibus Hearings are scheduled, post the schedule of Omnibus Hearings on the Case Website, and file notices of additional Omnibus Hearings on a periodic basis with the Court.

## Basis for Relief

16.    The Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules provide the Debtors with the authority to establish notice, case management, and administrative procedures.  In particular, Bankruptcy Rule 2002(a) provides that, unless otherwise ordered by the Court, notice of certain matters must be given to, among others, all of the Debtors' creditors, equity security holders, and other parties in interest.  Fed. R. Bankr. P. 2002(a).  The Bankruptcy Rules further provide that "[t]he court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules."  Fed. R. Bankr. P. 2002(m); *see also* Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.").

6

17.     In addition, section 105(a) of the Bankruptcy Code grants bankruptcy courts broad authority and discretion to enforce the provisions of the Bankruptcy Code either under specific statutes or under equitable common law principles.    Specifically, section 105(a) provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent the abuse or process.

11 U.S.C. § 105(a).

18.     Section 102(1) of the Bankruptcy Code states that where the Bankruptcy Code provides for an action to occur "after notice and a hearing," such action may occur "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances . . . ." 11 U.S.C. § 102(1)(A).

19.     As explained above, these chapter 11 cases are large, complex, and involve thousands of creditors and parties in interest, many of whom will have multiple concerns that may result in the filing of numerous pleadings, notices pursuant to Bankruptcy Rule 2002, and requests for service that could very well lead to numerous, fragmented hearings.  The costs and burdens associated with multiple hearings per month, plus the costs associated with copying, mailing, overnighting, or otherwise serving paper copies of all filings, will impose economic and administrative burdens on the Debtors' estates, the Court, and all other parties in interest. Moreover, constant mass mailings will require the Debtors and their advisors to divert their limited resources from reorganizing their businesses.   Therefore, the Debtors submit that electronic notice, whenever possible, should be permitted to alleviate this burden.

20.     Further, pursuant to the Administrative Procedures, a registered CM/ECF user "consents to receive notice and service by electronic means, which shall constitute proper service.  If the recipient of notice or service is a registered participant, service of the 'Notice of Electronic Filing' shall be the equivalent of service of the filing by first class mail, postage prepaid."  Pursuant to the Case Management Procedures, all parties in these cases who are registered participants in the Court's CM/ECF system will receive a "Notice of Electronic Filing" via electronic mail whenever a filing is effected, which will provide additional notice to such parties.  Although email is nearly universally available, if a party cannot reasonably obtain access to email, then such party may seek an exemption pursuant to the Case Management Procedures to receive paper copies.  Therefore, no party will be adversely affected by the proposed email service set forth herein.

21.     The Debtors respectfully submit that adopting the Case Management Procedures will substantially reduce administrative burdens and result in substantial cost savings to the Debtors' estates because of the reduction of time and money the Debtors will have to expend.  Pursuant to the Case Management Procedures, all parties in interest that may be directly affected by a request for relief, response, objection, or adversary proceeding filed with the Court will receive notice thereof directly from the entity submitting such documents to the Court well in advance of the relevant hearing.  Thus, no party in interest will be adversely affected.

22.     Courts in this district have routinely granted similar case management procedures to reduce the expense of administering large chapter 11 cases.  *See, e.g.*, *In re James River Coal Co.*, No. 14-31848 (KRH) (Bankr. E.D. Va. April 29, 2014); *In re AMF Bowling Worldwide, Inc.*, No. 12-36495 (KRH) (Bankr. E.D. Va. Dec. 12, 2012); *In re Workflow Mgmt., Inc.*, No. 10-74617 (SCS) (Bankr. E.D. Va. Oct. 8, 2010); *In re Bear Island Paper Co., L.L.C.*, No. 10-31202

8

(DOT) (Bankr. E.D. Va. Feb. 26, 2010); *In re Movie Gallery, Inc.*, No. 10-30696 (DOT) (Bankr. E.D. Va. Feb. 3, 2010).[5]

23.    The establishment of the Case Management Procedures will promote the efficient and orderly administration of these chapter 11 cases.  Indeed, authorizing the Debtors to serve their documents on a limited mailing matrix will ease the administrative and economic burdens on the Court and the Debtors' estates.  Authorizing electronic service in these chapter 11 cases for the 2002 List will also allow for efficient and effective service at a significantly reduced cost to the Debtors' estates and other serving parties.  Early notice to all parties in interest of Omnibus Hearings will enable these parties to plan efficiently for the use of hearing time, will avoid the need for numerous hearings within each month, and will lessen the burden on the Court and on the Debtors' estates.  Additionally, parties in interest will still have the opportunity to bring true emergency matters before the Court on an expedited basis pursuant to the Local Bankruptcy Rules and the Case Management Procedures.

24.    Accordingly, for the reasons stated herein, the Debtors believe the Case Management Procedures are appropriate and should be approved and implemented in the chapter 11 cases.

### Waiver of Memorandum of Points and Authorities

25.    The Debtors respectfully request that this Court treat this Motion as a written memorandum of points and authorities or waive any requirement that this Motion be accompanied by a written memorandum of points and authorities as described in Local Bankruptcy Rule 9013-1(G).

---

[5]    Because of the voluminous nature of the orders cited herein, such orders are not attached to this motion.  Copies of these orders are available upon request of the Debtors' proposed counsel.

## <u>Notice</u>

26.     The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the Eastern District of Virginia; (b) the administrative agents for the Debtors' prepetition credit facilities; (c) the indenture trustee for the Debtors' prepetition notes; (d) counsel for each of the foregoing referenced in clauses (b)-(c); (e) counsel to lenders for the debtor in possession facility; (f) those creditors holding the 30 largest unsecured claims against the Debtors' estates on a consolidated basis; (g) the Internal Revenue Service; (h) the United States Environmental Protection Agency; (i) the state attorneys general for states in which the Debtors conduct business; (j) the Office of the United States Attorney for the Eastern District of Virginia; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other of further notice need be given.

## <u>No Prior Request</u>

27.     No prior motion for the relief requested herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

10

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just and proper.

Dated:  May 12, 2015  
Richmond, Virginia  

*s/ Michael A. Condyles*
_____

Michael A. Condyles (VA 27807)  
Peter J. Barrett (VA 46179)  
Jeremy S. Williams (VA 77469)  
**KUTAK ROCK LLP**  
Bank of America Center  
1111 East Main Street, Suite 800  
Richmond, Virginia 23219-3500  
Telephone:    (804) 644-1700  
Facsimile:    (804) 783-6192  

- and -

Stephen E. Hessler (*pro hac vice* pending)  
Patrick Evans (*pro hac vice* pending)  
**KIRKLAND & ELLIS LLP**  
601 Lexington Avenue  
New York, New York 10022  
Telephone:    (212) 446-4800  
Facsimile:    (212) 446-4900  

- and -

James H.M. Sprayregen, P.C.  
Ross M. Kwasteniet (*pro hac vice* pending)  
**KIRKLAND & ELLIS LLP**  
300 North LaSalle  
Chicago, Illinois 60654  
Telephone:    (312) 862-2000  
Facsimile:    (312) 862-2200  

*Proposed Counsel for the*  
*Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

Stephen E. Hessler (*pro hac vice* pending)
Patrick Evans (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

- and -

James H.M. Sprayregen, P.C.
Ross M. Kwasteniet (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200

*Proposed Counsel for the Debtors and
Debtors in Possession*

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
KUTAK ROCK LLP
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia 23219-3500
Telephone:      (804) 644-1700
Facsimile:      (804) 783-6192

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| PATRIOT COAL CORPORATION, *et al.*, | ) | Case No. 15-32450 (KLP) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## ORDER (I) ESTABLISHING CERTAIN NOTICE,
## CASE MANAGEMENT, AND ADMINISTRATIVE
## PROCEDURES (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[1] of Patriot Coal Corporation and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order (this "Order") authorizing the Debtors to establish certain notice, case management, and administrative procedures, all as more fully set forth in the Motion; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

having found that venue of this proceeding and the Motion in this district is proper pursuant to

28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion

is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the

Debtors having provided appropriate notice of the Motion and the opportunity for a hearing on

the Motion under the circumstances; and the Court having reviewed the Motion and having heard

the statements in support of the relief requested therein at a hearing before the Court

(the "Hearing"); and the Court having determined that the legal and factual bases set forth in the

Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the

proceedings had before the Court; and any objections to the relief requested herein having been

withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing

therefor, it is HEREBY ORDERED THAT:

1.     The Motion is granted as set forth herein.

2.     The Case Management Procedures attached as **Exhibit 1** hereto are hereby

approved and shall govern all applicable aspects of the chapter 11 cases, including, among other

things, establishing the following deadlines:

     a.     Objections.  Unless otherwise ordered by the Court, objections to matters scheduled to be heard on an Omnibus Hearing shall be filed no later than 7 calendar days before the applicable hearing date if the filing is served at least 21 calendar days prior to the applicable hearing date, or 3 calendar days before the applicable hearing date if the filing is served less than 21 calendar days but at least 14 calendar days prior to the applicable hearing date; *provided*, *however*, the Debtors' counsel may propose to schedule matters filed by another party on a date other than the next Omnibus Hearing date if the Debtors in good faith believe that the hearing on the particular matter could exceed 1 hour.

     b.     Agendas.  The Debtor's counsel shall file a proposed agenda with regards to the matters that are scheduled to be heard at such Omnibus Hearing no later than 12:00 p.m. (prevailing Eastern Time) on the date that is 2 calendar days prior to each Omnibus Hearing.

3.      The Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules shall apply to the chapter 11 cases, except to the extent that they conflict with the Case Management Procedures.

4.      Nothing herein or in the Case Management Procedures shall affect the Debtors' obligations to give notice to all creditors, parties in interest, and, where applicable, equity security holders of (a) the meeting of creditors, (b) the dismissal or conversion of the Debtors' chapter 11 cases to another chapter, (c) the time fixed to accept or reject a proposed modification of a chapter 11 plan, (d) the time fixed for filing proofs of claim, (e) the time fixed for filing objections to and the hearing on the disclosure statement and the confirmation of a chapter 11 plan, or (f) entry of an order confirming a chapter 11 plan.  In addition, the Debtors shall be required to comply with the notice requirements of Bankruptcy Rules 2002(d), 4006, and 4007.

5.      The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

6.      Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules.

7.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8.       This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:
Richmond, Virginia

_____
UNITED STATES BANKRUPTCY JUDGE

3

KE 35972303

WE ASK FOR THIS:

*/s/ Michael A. Condyles*
Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
KUTAK ROCK LLP
Bank of America Center
1111 East Main Street, Suite 800
Telephone:      (804) 343-5227
Facsimile:      (804) 783-6192

- and -

Stephen E. Hessler (*pro hac vice* pending)
Patrick Evans (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

- and -

James H.M. Sprayregen, P.C.
Ross M. Kwasteniet (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200

*Proposed Counsel for the Debtors and
Debtors in Possession*

## <u>CERTIFICATION OF ENDORSEMENT<br>UNDER LOCAL BANKRUPTCY RULE 9022-1(C)</u>

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

*/s/ Michael A. Condyles*

## EXHIBIT 1

**Case Management Procedures**

Stephen E. Hessler (*pro hac vice* pending)
Patrick Evans (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

- and -

James H.M. Sprayregen, P.C.
Ross M. Kwasteniet (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
KUTAK ROCK LLP
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia 23219-3500
Telephone:      (804) 644-1700
Facsimile:      (804) 783-6192

*Proposed Counsel for the Debtors and
Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PATRIOT COAL CORPORATION, *et al.*, | ) Case No. 15-32450 (KLP) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

## NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES

These notice, case management, and administrative procedures (the "Case Management Procedures") have been approved by the United States Bankruptcy Court for the Eastern District of Virginia (the "Court") for the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors") pursuant to the *Debtors' Motion for Entry of an Order Establishing Certain Notice, Case Management, and Administrative Procedures* (the "Motion"). On May ___, 2015, the Court entered an order (the "Order") approving the Case Management Procedures.

Sections 101-1532 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), the

Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and the Local Rules of the

United States Bankruptcy Court for the Eastern District of Virginia (the "<u>Local Bankruptcy</u>

<u>Rules</u>") shall govern all matters in the chapter 11 cases, except to the extent such rules conflict

with or are inconsistent with the procedures set forth herein.

## I.      Access to Documents

1.      Prime Clerk LLC, the Debtors' proposed notice, claims, and balloting agent,

maintains a case-specific website at http://cases.primeclerk.com/patriotcoal (the "<u>Case</u>

<u>Website</u>"), where, among other things, electronic copies of all pleadings filed in the chapter 11

cases shall be posted as soon as practicable, but not later than within 3 business days, of filing

and may be viewed free of charge.    Additionally, electronic copies of all pleadings and

documents are available for a fee via PACER on the Court's website at

http://www.vaeb.uscourts.gov.  Finally, paper copies of all pleadings filed in the chapter 11 cases

may be available from the Court.

## II.     Master Service List and Electronic Mail Service

2.      <u>Procedures Established for Notices</u>.   All (a) notices, motions, applications, and

other requests for relief, (b) briefs, memoranda, affidavits, declarations, replies, and other

documents filed in support of such papers seeking relief (collectively, the "<u>Requests for Relief</u>"),

and (c) all objections and responses to such Requests for Relief (collectively, the "<u>Objections</u>,"

and, together with the Requests for Relief and all other filed documents, the "<u>Rule 2002 Court</u>

<u>Filings</u>") shall be filed with the Court or other applicable court and served in accordance with the

notice procedures set forth herein (the "<u>Notice Procedures</u>").

3.      <u>Definition of Entities Entitled to Service</u>.   All Rule 2002 Court Filings shall be

served on the Core Group, the 2002 List, and Affected Entities (each as defined herein and

collectively, the "Service List") according to the Notice Procedures.  A Rule 2002 Court Filing is

deemed not to have been properly served until served, at a minimum, on all of the parties in the

Core Group.

      a.    Core Group.  The following entities shall comprise the core group of entities in the Debtors' chapter 11 cases (collectively, the "Core Group"):

    (i)    Office of the United States Trustee for the Eastern District of Virginia (the "U.S. Trustee"), 701 East Broad Street, Suite 4304, Richmond, Virginia 23219, Attn.:  Robert B. Van Arsdale;

    (ii)    Office of the United States Trustee, 1835 Assembly Street, Suite 953, Columbia, South Carolina 29201, Attn: Elisabetta G. Gasparini;

    (iii)    Patriot Coal Corporation, 63 Corporate Centre Drive, Scott Depot, WV 25560 Attn:  Joseph W. Bean;

    (iv)    proposed co-counsel for the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.:  Stephen E. Hessler, and Patrick Evans; and Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn.:  Ross M. Kwasteniet;

    (v)    proposed co-counsel for the Debtors, Kutak Rock LLP, 1111 East Main Street, Suite 800, Richmond, Virginia, Attn: Michael A. Condyles, Peter J. Barrett and Jeremy S. Williams;

    (vi)    counsel for each committee appointed pursuant to section 1102 of the Bankruptcy Code;[1]

    (vii)    counsel to the lenders under the Debtors' debtor-in-possession financing facility, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: Thomas M. Mayer and Gregory G. Plotko;

    (viii)    counsel to the agent for the prepetition ABL credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017, Attn: Sandy Qusba;

    (ix)    counsel to the agent for the prepetition LC credit facility, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036-6522, Attn: Ken Ziman; and

---

[1]    Before the appointment of an official committee of unsecured creditors and its counsel, service shall be made upon the holders of the Debtors' thirty largest unsecured claims pursuant to Bankruptcy Rule 1007(d).

> (x)    counsel to the agent to the term loan credit facility, Brown Rudnick LLP, One Financial Center, Boston, Massachusetts 02111, Attn: Jeffrey L. Jonas, Esq.

An updated Core Group list can be obtained on the Case Website.

> b.    <u>2002 List</u>.  This group shall be comprised of all entities that have filed a request for service of filings pursuant to Bankruptcy Rule 2002.  An updated 2002 List can be obtained on the Case Website.

>> (i)    <u>Filing Requests for Documents Requires Email Address</u>.  A request for service of papers pursuant to Bankruptcy Rules 2002 (each, a "<u>2002 Notice Request</u>") filed with the Court shall be deemed proper if and only if it includes the following information with request to the party filing such request:  (A) name; (B) street address; (C) name of client(s), if applicable; (D) telephone number; (E) facsimile number; and (F) electronic mail (or email) address.

>> (ii)    <u>Certification Opting Out of Email Service</u>.  Any individual or entity filing a 2002 Notice Request who does not maintain (and cannot practicably obtain) an email address and thereafter cannot receive service by email must include in the 2002 Notice Request a certification to that effect (the "<u>Certification</u>").  The Certification shall include a statement certifying that the individual or entity (A) does not maintain an email address and (B) cannot practicably obtain an email address at which the individual or entity could receive service by email.

>> (iii)    <u>2002 Notice List</u>.  The Debtors or Prime Clerk LLC shall be responsible for maintaining an updated list of those who have submitted a proper 2002 Notice Request (the "<u>2002 List</u>").  It is the responsibility of each entity submitting a 2002 Notice Request to file with the Court an updated 2002 Notice Request as necessary to reflect changes to any information, including email address and contact person, and serve a copy of such request upon the Debtors.

> c.    <u>Affected Entities</u>.  This group shall be comprised of all entities with a particularized interest in the subject matter of the particular court filing (each, an "<u>Affected Entity</u>").

4.    At least every 15 days during the first 60 days of the chapter 11 cases, and thereafter at least every 30 days, the Debtors' counsel shall maintain and update the 2002 List by:  (a) making any additions and deletions; (b) serving the updated 2002 List on the parties

KE 35972303

listed thereon; (c) filing a proof of service; and (d) simultaneously with the filing of the 2002 List, posting an updated version of the 2002 List on the Case Website.

5.    <u>Waiver of Memorandum of Points and Authorities</u>.    Notwithstanding Local Bankruptcy Rule 9013-1(G), motions filed without a separate memorandum of points and authorities shall be deemed to include a request for a waiver of a separate memorandum or deemed a single memorandum and motion as allowed by Local Bankruptcy Rule 9013-1(G).

6.    <u>Service of Motions</u>.    With respect to filings for which particular notices are required to be served on all creditors and parties in interest, including Bankruptcy Rules 2002(a)(2)–(6), 4001, 6004, 6007, or 9019, parties shall serve all such filings only on the Service List by email or by paper copy if an exemption is granted, and in accordance with the following procedures, unless otherwise ordered by the Court:

a.    in the case of the use, sale, lease, or abandonment of property, on each entity asserting an interest in that property;

b.    in the case of a motion for relief or modification of the automatic stay, on each entity asserting a lien or encumbrance on the affected property;

c.    in the case of a motion relating to the use of cash collateral or obtaining credit, on each party asserting an interest in the cash collateral or a lien or other interest in property upon which a lien or encumbrance is proposed to be granted;

d.    in the case of a motion under Bankruptcy Rule 9019, on all parties that are parties to the relevant compromise and settlement or that may be directly affected by such compromise or settlement;

e.    in the case of assumption, assignment, or rejection of an executory contract or an unexpired lease, on each party to the executory contract or the unexpired lease;

f.    any objection, opposition, response, reply, or further document filed directly in response to a document shall be served on the entity who filed such document; and

6

g.      all matters for which the Bankruptcy Rules specifically require notice to all parties in interest shall be served on all parties in interest unless otherwise directed by the Court.

7.      Except as set forth herein or otherwise provided by order of the Court, the Notice Procedures shall not apply to notices of the matters or proceedings described in the following Bankruptcy Rules:

a.      Bankruptcy Rule 2002(a)(1) (meeting of creditors pursuant to section 341 of the Bankruptcy Code);

b.      Bankruptcy Rule 2002(a)(7) (time fixed for filing a proof of claim pursuant to Bankruptcy Rule 3003(c));

c.      Bankruptcy Rule 2002(b)(1) (time fixed for filing objections and any hearing to consider approval of a disclosure statement);

d.      Bankruptcy Rule 2002(b)(2) (time fixed for filing objections and any hearing to consider confirmation of a chapter 11 plan);

e.      Bankruptcy Rule 2002(d) (certain matters for which notice is to be provided to equity security holders);

f.      Bankruptcy Rule 2002(f)(1) (entry of an order for relief);

g.      Bankruptcy Rule 2002(f)(2) (dismissal or conversion of a case to another chapter of the Bankruptcy Code);

h.      Bankruptcy Rule 2002(f)(3) (time allowed for filing claims pursuant to Bankruptcy Rule 3002);

i.      Bankruptcy Rule 2002(f)(6) (waiver, denial, or revocation of a discharge as provided in Bankruptcy Rule 4006);

j.      Bankruptcy Rule 2002(f)(7) (entry of an order confirming a chapter 11 plan); and

k.      Bankruptcy Rule 2002(f)(8) (summary of the trustee's final report and account should a case be converted to chapter 7 of the Bankruptcy Code).

8.      <u>Notice a Matter for Hearing</u>.    Parties should consult Local Bankruptcy Rule 9013-1(M) regarding the form and content of notices and visit http://www.vaeb.uscourts.gov/scripts/formsqry.exe for sample notices.

KE 35972303

9.      <u>Certificates of Service</u>.  Notwithstanding Local Bankruptcy Rule 5005-1(C)(8), certificates of service of all Rule 2002 Court Filings, including a Service List, shall be filed by the party seeking relief with the Court within 7 days of the completion of noticing any particular matter; *provided*, *however*, that parties shall not be required to include the Service List when serving the certificate of service to such recipients.

10.      <u>Serving Adversary Proceedings</u>.  All pleadings and other Court filings in any adversary proceeding commenced in the chapter 11 cases shall be served upon the Core Group, each Affected Entity, and any other entities required to be served under any applicable Bankruptcy Rule or Local Bankruptcy Rule.

**III.    Service by Electronic Mail**

11.      <u>Service by Electronic Mail</u>.  All Rule 2002 Court Filings shall be electronically served on the Court's electronic filing system, other than service of a summons and complaint in an adversary proceeding or documents filed under seal, which shall be deemed to constitute proper service for all parties who are sent such email service.  Subject to the limited exclusions set forth herein, each party that has filed a notice of appearance and a request for service of papers shall be deemed to have consented to electronic service of papers, in accordance with CM/ECF Policy 9 Service of Documents of the Case Management/Electronic Case Files ("<u>CM/ECF Policy</u>").  A party filing a Rule 2002 Court Filing that is served on entities via the Court's electronic filing system has no further obligation for service of such Rule 2002 Court Filing with respect to such entities to be proper.

12.      If a 2002 Notice Request fails to include an email address or a Certification, the Debtors shall forward a copy of these Case Management Procedures to such party within 5 business days specifically requesting an email address.  If no email address or no Certification is provided in response to such request, such party shall not be added to the 2002 List and shall

8

not be served with copies of pleadings and documents filed in the chapter 11 cases unless such pleadings and/or documents directly affect such party.

13.     The filing deadlines do not require three additional days' notice as set forth in Rule 6(e) of the Federal Rules of Civil Procedure (made applicable to contested matters indirectly by Bankruptcy Rule 9014(b) and to adversary proceedings by Bankruptcy Rule 7005(b)(2)(D)) and Bankruptcy Rule 9006(f) when a document is served by electronic or overnight mail, including service, via the Court's electronic filing system.

14.     <u>Identification of Attorney</u>.  As set forth in Local Bankruptcy Rule 5005-1(C)(5), on the first page of every Rule 2002 Court Filing, the attorney filing the same shall be identified by name, state bar number, complete mailing address, telephone number, and the name of the party whom the attorney represents.

**IV.     Omnibus Hearing Dates**

15.     <u>First Omnibus Hearings</u>.  Periodic omnibus hearings will occur as may be scheduled by the Court (the "<u>Omnibus Hearings</u>").  The Court has set the following dates and times (all prevailing Eastern Time) as the next omnibus hearings:

  a.     _____, 20__, at __:__ _.m.;

  b.     _____, 20__, at __:__ _.m.;

  c.     _____, 20__, at __:__ _.m.;

  d.     _____, 20__, at __:__ _.m.; and

  e.     _____, 20__, at __:__ _.m.

16.     <u>Future Omnibus Hearings</u>.  Throughout the chapter 11 cases, the Debtors shall periodically request that future Omnibus Hearings be scheduled as necessary.  The Debtors shall send notices of the Omnibus Hearings to the Core Group and 2002 List when the Omnibus Hearings are scheduled, post the schedule of Omnibus Hearings on the Case Website, and file

notices of additional Omnibus Hearing dates on a periodic basis with the Court.  For information

concerning future Omnibus Hearings that have been scheduled by the Court, entities may visit

the Case Website, or contact the Clerk of the Court at 701 Broad Street, Richmond, Suite 4000,

Virginia 23219 or by visiting www.vaeb.uscourts.gov.

   17.    All matters requiring a hearing in the chapter 11 cases shall be set forth and be

heard on an Omnibus Hearing unless otherwise ordered by the Court for good cause shown.  All

Requests for Relief and Objections thereto and all other matters will be considered or heard only

at Omnibus Hearings, unless the Court orders otherwise, in accordance with the following:

   a.    In the event that a party files a Request for Relief at least 21 calendar days
         prior to the next scheduled Omnibus Hearing, the matter shall be set for
         hearing on such scheduled Omnibus Hearing and the deadline to file an
         Objection to such Request for Relief shall be 7 calendar days prior to the
         Omnibus Hearing; *provided*, *however*, the Debtors' counsel may propose
         to schedule matters filed by another party on a date other than the next
         Omnibus Hearing date if the Debtors in good faith believe that the hearing
         on the particular matter could exceed 1 hour.

   b.    In the event that a party files a Request for Relief less than 21 calendar
         days but at least 14 calendar days prior to the next scheduled Omnibus
         Hearing, the matter shall be set for hearing on such scheduled Omnibus
         Hearing and the deadline to file an Objection to such Request for Relief
         shall be 3 calendar days prior to the Omnibus Hearing; *provided*, *however*,
         the Debtors' counsel may propose to schedule matters filed by another
         party on a date other than the next Omnibus Hearing date if the Debtors in
         good faith believe that the hearing on the particular matter could exceed
         1 hour.

   c.    Notwithstanding any procedure herein, nothing herein shall restrict any
         entity from requesting an emergency hearing pursuant to the Local
         Bankruptcy Rules.

   18.    <u>Procedures Regarding the Omnibus Hearings</u>.  The following procedures will

apply unless the Court orders otherwise:

   a.    Except as specifically set forth herein, all notice periods for Requests for
         Relief shall be computed in accordance with the Bankruptcy Rules and
         Local Bankruptcy Rules and nothing in these Case Management
         Procedures shall be deemed to change such requirements.

10

b.      Any notice of an Omnibus Hearing shall conspicuously contain, on the first page of such notice, the date and time that the hearing will be held in the event that an Objection is filed in accordance with the applicable rules.

c.      Deadlines for responding to a Request for Relief shall be governed by the Local Bankruptcy Rules.  A reply to any responsive pleading must be received no later than 12:00 p.m. (prevailing Eastern Time) on the date that is 1 business day before the applicable hearing date.

d.      Nothing contained herein shall prejudice the rights of any party in interest to move the Court to further limit or expand notice of matters and proceedings upon a showing of good cause, including, but not limited to, the right to file a Request for Relief upon shortened notice or to seek an enlargement or reduction of time pursuant to Bankruptcy Rule 9006.

e.      If a party intends to present an order at the Omnibus Hearing different from the order attached to the motion, the Debtors' counsel, to the extent known, shall state on the hearing agenda above that a different order will be presented for entry.

f.      Notwithstanding Local Bankruptcy Rule 9013-1(J), the Debtors' counsel together with any affected party or parties may, without leave of the Court and, unless the Court orders otherwise, adjourn any matter to a subsequent fixed Omnibus Hearing.  If a matter is adjourned, the Debtors' counsel shall update the hearing agenda accordingly.

g.      For the avoidance of doubt, the Debtors' counsel may propose to schedule matters filed by another party on a date other than the next Omnibus Hearing date if the Debtors in good faith believe that the hearing on the particular matter could exceed 1 hour.

h.      Upon request, the Court may allow counsel to participate in any hearing by telephone.

19.     <u>Proposed Omnibus Hearing Agenda</u>.  The Debtors shall prepare Omnibus Hearing agendas in accordance with the following:

a.      No later than 12:00 p.m. (prevailing Eastern Time) on the date that is 2 calendar days prior to each Omnibus Hearing, the Debtors' counsel shall file a proposed agenda with regard to the matters that are scheduled to be heard on such Omnibus Hearing (the "<u>Proposed Hearing Agenda</u>").  The Proposed Hearing Agenda is for the convenience of the Court and counsel and is not determinative of the matters to be heard on that day or whether there will be a settlement or a continuance.

b.      The Proposed Hearing Agenda will include, to the extent known by the Debtors' counsel:  (i) the docket number and title of each matter to be

11

scheduled for hearing on such Omnibus Hearing, including the initial filing and any responses, replies, or documents related thereto; (ii) whether the matters are contested or uncontested; (iii) whether the matters have settled or are proposed to be continued; (iv) other comments that will assist the Court; and (v) a suggestion for the order in which the matters should be addressed.

20.    <u>Granting the Request for Relief Without a Hearing</u>.  Provided that the notice filed with the Request for Relief includes a statement that the Request for Relief may be granted and an order entered without a hearing unless a timely Objection is made, after the Objection deadline had passed, and no Objection has been filed or served in accordance with the procedures set forth herein, counsel to the entity who has filed the Request for Relief may file a certification indicating that no Objection has been filed or served on the entity who has filed the Request for Relief (the "<u>Certificate of No Objection</u>").

21.    <u>List</u>.    Notwithstanding Local Bankruptcy Rule 9022-1(B), a proponent of a Request for Relief shall serve an order granting such relief on the Core Group and 2002 List no later than 5 business days after such order was entered and no list need be submitted with the proposed order.

**V.    Foreign Attorneys**

22.    All attorneys shall carefully review the Local Bankruptcy Rules and, in particular, Local Bankruptcy Rule 2090-1 regarding the procedure for appearing and practicing before the Court, which is available on the Court's website at http://www.vaeb.uscourts.gov/files/Rules12_19_11.pdf.

23.    Pursuant to Local Bankruptcy Rule 2090-1(E)(2), attorneys from other states and the District of Columbia (each, a "<u>Foreign Attorney</u>") may appear and practice in the chapter 11 cases upon the motion of a member of the bar of the Court; *provided*, *however*, that in all appearances, a Foreign Attorney must be accompanied by a member of the bar of the Court.

Further, the Eastern District of Virginia allows Foreign Attorneys to register to become limited participants on its system by following the procedures set forth in the administrative procedures for CM/ECF cases.

## VI.   Motions for Relief from the Automatic Stay

24.   The initial hearing on any motion for relief from the automatic stay shall be a preliminary hearing unless otherwise agreed to by the Debtors.  Notwithstanding section 362(e) of the Bankruptcy Code, by setting a hearing on a motion for relief from the automatic stay on an Omnibus Hearing, a party shall be deemed to have consented to the automatic stay remaining in full force and effect until the conclusion of the preliminary hearing.  The Court may continue the effectiveness of the automatic stay until a final hearing on the matter.  Nothing in this section shall prevent a party from seeking expedited consideration of a motion for relief from the automatic stay.

## VII.   Evidentiary Hearings

25.   Pursuant to Bankruptcy Rule 9014 and in compliance with Local Bankruptcy Rule 9014-1, in the event that a timely Objection is made to a Request for Relief (each, a "Contested Matter"), the hearing on such a Contested Matter shall be an evidentiary hearing at which witnesses may testify, unless the parties otherwise agree that any such hearing shall not be an evidentiary hearing, in which case, to the extent known by the Debtors' counsel, the Proposed Hearing Agenda shall state as such; *provided*, *however*, that the Debtors' counsel may propose to schedule matters filed by another party on a date other than the next Omnibus Hearing date if the Debtors in good faith believe that the hearing on the particular matter could exceed 1 hour.

26.   Any party who intends to introduce evidence or witnesses with respect to a matter that is the subject of a timely filed and properly served Objection shall identify with reasonable particularity its proposed evidentiary exhibits and witnesses in a written disclosure (each,

13

a "Disclosure"), which Disclosures shall be served only on the adverse party in accordance with the following.

    a.    With respect to the party that files a timely Objection, such Disclosures shall be made the same date as the filing of the timely Objection.  Unless otherwise directed by the Court, such Disclosures shall not be filed with the Court.

    b.    Any party who filed a Request for Relief that is subject to an Objection shall serve its Disclosure on the adverse party and any party that intends to introduce evidence or witnesses with respect to a Request for Relief that is not subject to an Objection, or any other party in interest who intends to present evidence at an Omnibus Hearing, shall serve its Disclosure on the Debtors, with respect to a filing that is served at least 21 calendar days prior to the next regularly scheduled Omnibus Hearing, at least 7 calendar days prior to the Omnibus Hearing on which the Request for Relief will be heard, or with respect to a filing that is served less than 21 calendar days but at least 14 calendar days prior to the next regularly scheduled Omnibus Hearing, at least 3 calendar days prior to the Omnibus hearing on which the Request for Relief will be heard.

    c.    After consultation with each party who made a Disclosure, the Proposed Hearing Agenda will indicate whether the matter shall be heard on the next regularly scheduled Omnibus Hearing or at a subsequently scheduled non-Omnibus Hearing to be set by the Court.  Additionally, on the Proposed Hearing Agenda, to the extent known by the Debtors' counsel, such agenda will describe the status of evidentiary hearings with respect to Contested Matters.

27.    Upon reasonable request, the parties subject to a Contested Matter shall provide copies of all proposed evidentiary exhibits and make all witnesses available for deposition at the expense of the requesting party and within a time period to reasonably facilitate conducting the evidentiary hearing as scheduled.

28.    Parties shall comply with the Court's Instructions for *Preparing Exhibit List, Pre-Marking Exhibits*, available at http://www.vaeb.uscourts.gov/scripts/formsqry.exe.

29.    Any party subject to a Contested Matter who fails to identify its evidentiary exhibits or witnesses as provided herein may be precluded, at the Court's discretion, from

presenting such evidentiary exhibits or witnesses at the hearing on the matter or alternatively, the

hearing shall be adjourned.

30.     Nothing contained herein shall preclude any party from presenting proffers in

connection with uncontested matters or agreeing with an opposing party to present proffers in

any Contested Matter or otherwise stipulating certain facts or documents into evidence.

<table>
<tr><td>Dated:  May 12, 2015<br>Richmond, Virginia</td><td>/s/ Michael A. Condyles<br>Michael A. Condyles (VA 27807)<br>Peter J. Barrett (VA 46179)<br>Jeremy S. Williams (VA 77469)<br>**KUTAK ROCK LLP**<br>Bank of America Center<br>1111 East Main Street, Suite 800<br>Richmond, Virginia  23219-3500<br>Telephone:     (804) 644-1700<br>Facsimile:      (804) 783-6192</td></tr>
</table>

- and -

Stephen E. Hessler (*pro hac vice* pending)
Patrick Evans (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

- and -

James H.M. Sprayregen, P.C.
Ross M. Kwasteniet (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200

*Proposed Counsel for the*
*Debtors and Debtors in Possession*

15