Stephen E. Hessler (*pro hac vice* pending)
Patrick Evans (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

James H.M. Sprayregen, P.C.
Ross M. Kwasteniet (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
KUTAK ROCK LLP
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia 23219-3500
Telephone:    (804) 644-1700
Facsimile:    (804) 783-6192

*Proposed Counsel for the Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PATRIOT COAL CORPORATION, *et al.*, | ) Case No. 15-32450 (KLP) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |

**INTERIM ORDER
(I) AUTHORIZING THE DEBTORS TO (A) PAY
PREPETITION WAGES, SALARIES, OTHER COMPENSATION,
REIMBURSABLE EXPENSES, AND DIRECTOR OBLIGATIONS,
(B) CONTINUE AN ORDINARY COURSE INCENTIVE PROGRAM FOR
NON-INSIDERS, AND (C) CONTINUE EMPLOYEE BENEFITS PROGRAMS,
(II) ALLOWING EMPLOYEES AND RETIREES TO PROCEED WITH OUTSTANDING
WORKERS' COMPENSATION CLAIMS, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of Patriot Coal Corporation and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") seeking entry of an interim order (this "Interim Order"), (I) authorizing the Debtors to (a) pay prepetition wages, salaries, other

---

[1] Capitalized terms used but not otherwise defined in this Interim Order have the meanings given to them in the Motion.

K&E 36176387

compensation, and reimbursable expenses and, subject to entry of the Final Order, director obligations; (b) continue an ordinary-course incentive program for non-insiders (subject to entry of the Final Order), (c) continue employee benefits programs in the ordinary course of business, including payment of certain prepetition obligations related thereto, (II) allowing employees and retirees to proceed with outstanding workers' compensation claims, and (III) granting related relief; all as more fully set forth in the Motion; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district appears to be proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Debtors having provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis as set forth herein.

The final hearing (the "Final Hearing") on the Motion shall be held on June 3, 2015, at 1:00 p.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on May 29, 2015, and shall be served on:

K&E 36176387

(a) the Debtors, Patriot Coal Corporation, 63 Corporate Centre Drive, Scott Depot, West Virginia 25560, Attn: Joseph W. Bean; (b) counsel for the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Stephen E. Hessler, Esq. and Patrick Evans, Esq., and Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Ross M. Kwasteniet, Esq.; (c) proposed co-counsel to the Debtors, Kutak Rock LLP, Bank of America Center, 1111 East Main Street, 8th Floor, Richmond, Virginia 23219, Attn: Michael A. Condyles; (d) counsel to any statutory committee appointed in these cases; (e) Office of The United States Trustee, 701 East Broad Street, Suite 4304, Richmond, Virginia 23219, Attn: Robert B. Van Arsdale, Esq.; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002. In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

The Debtors are authorized, but not directed, to continue or modify the Employee Compensation and Benefits in the ordinary course of business, in accordance with the Debtors' prepetition policies and practices, and, in the Debtors' discretion, to pay and honor prepetition amounts related thereto; *provided* that pending entry of the Final Order, the Debtors do not have authority to (i) honor obligations under the Safety Bonus Program, (ii) make any payments on account of Unpaid Wages in excess of the Priority Cap, (iii) pay Director Compensation, or (iv) continue their Severance Benefits Program; *provided further* that pending entry of the Final Order, to the extent any payments otherwise authorized by this Order are of the kinds described in sections 507(a)(4) or 507(a)(5) of the Bankruptcy Code, payments to any individual Employee must not exceed the applicable caps set forth in such sections; *provided further* that the Debtors shall only pay reimbursable expenses to the extent they become due and owing prior to the final hearing on this Motion and pursuant to the Debtors' policies for making such payments.

3

Nothing in this Interim Order should be considered as authorizing the payment of any amounts that violate or implicate section 503(c) of the Bankruptcy Code, except upon further order of this Court; *provided that* nothing in this Interim Order will prejudice the Debtors' ability to seek approval or continuation of the Severance Benefits Program, the Director Compensation, the Safety Bonus Program, or any payment on account of Employee Compensation and Benefits that exceed the Priority Cap, in accordance with the relief requested by the Motion on a final basis.

Pursuant to Section 362(d) of the Bankruptcy Code: (a) retirees and current and former Employees, as applicable, are authorized to proceed with their workers' compensation claims in the appropriate judicial or administrative forum under the Workers' Compensation Program and the Debtors are authorized to pay all prepetition Workers' Compensation Obligations in the ordinary course of business; and (b) the notice requirements pursuant to Bankruptcy Rule 4001(d) with respect to clause (a) are waived. This modification of the automatic stay pertains solely to claims under the Workers' Compensation Program.

The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved in this Interim Order are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

The Debtors are authorized to issue replacement postpetition checks, to effect postpetition fund transfer requests, and to pay any administrative fees and expenses on account of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases or otherwise

K&E 36176387

with respect to prepetition amounts owed in connection with any Employee Compensation and Benefits.

Notwithstanding anything to the contrary contained herein, (a) any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any order(s) regarding the debtor in possession financing (including with respect to any budgets governing or relating to such use) and (b) to the extent there is any inconsistency between the terms of such debtor in possession financing order(s) and any action taken or proposed to be taken hereunder, the terms of the debtor in possession financing order(s) shall control. For the avoidance of doubt, nothing herein shall modify, alter or otherwise affect the rights or remedies of the agent or the lenders under the Debtors' debtor in possession financing facility.

Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Order or any payment made pursuant to this Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtors, a waiver of the Debtors' rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

Notice of the Motion as provided therein shall be deemed good and sufficient notice as such motion and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

K&E 36176387

Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: May 13 2015
Richmond, Virginia

/s/ Keith L. Phillips
_____
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket:5/13/15

6

K&E 36176387

WE ASK FOR THIS:

/s/Michael A. Condyles
Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
KUTAK ROCK LLP
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia 23219-3500
Telephone:     (804) 644-1700
Facsimile:     (804) 783-6192

- and -

Stephen E. Hessler (*pro hac vice* pending)
Patrick Evans (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

- and -

James H.M. Sprayregen, P.C.
Ross M. Kwasteniet (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Proposed Counsel for the Debtors and
Debtors in Possession*

## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Michael A. Condyles

K&E 36176387