Stephen E. Hessler (*pro hac vice* pending)
Patrick Evans (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

- and -

James H.M. Sprayregen, P.C.
Ross M. Kwasteniet (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
KUTAK ROCK LLP
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia  23219-3500
Telephone:     (804) 644-1700
Facsimile:     (804) 783-6192

*Proposed Counsel for the Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PATRIOT COAL CORPORATION, *et al.*, | ) | Case No. 15-32450 (KLP) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**INTERIM ORDER (I) AUTHORIZING
THE DEBTORS TO (A) HONOR PREPETITION OBLIGATIONS
TO CUSTOMERS IN THE ORDINARY COURSE OF BUSINESS AND
(B) CONTINUE CUSTOMER PRACTICES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of Patriot Coal Corporation and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of interim and final orders (this "Interim Order" and the "Final Order," respectively),  (I) authorizing, but not directing, the Debtors, in their sole discretion, to (a) honor Customer Obligations in the ordinary

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

course of business and in a manner consistent with past practice and (b) continue, renew, replace, implement, or terminate any customer practices and (II) granting related relief; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district appears to be proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Debtors having provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein; *provided that*, until 21 days after the Petition Date, the relief requested by the Debtors is granted only to the extent that it is necessary to avoid irreparable harm.

2. The final hearing (the "Final Hearing") on the Motion shall be held on June 3, 2015, at 1:00 p.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on May 29, 2015, and shall be served on: (a) the Debtors, Patriot Coal Corporation, 63 Corporate Centre Drive, Scott Depot, West Virginia 25560, Attn: Joseph W. Bean; (b) proposed counsel for the

K&E 36172031

Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Stephen E. Hessler, Esq. and Patrick Evans, Esq., and Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Ross M. Kwasteniet, Esq.; (c) proposed co-counsel to the Debtors, Kutak Rock LLP, Bank of America Center, 1111 East Main Street, 8th Floor, Richmond, Virginia 23219, Attn: Michael A. Condyles; (d) counsel to any statutory committee appointed in these cases; (e) Office of The United States Trustee, 701 East Broad Street, Suite 4304, Richmond, Virginia 23219, Attn: Robert B. Van Arsdale, Esq.; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3. The Debtors, in their sole discretion, are authorized, but not directed, to: (a) fulfill, pay, and/or otherwise honor all Customer Obligations as they deem appropriate and (b) continue, renew, replace, implement new, and/or terminate any customer practices as they deem appropriate, in the ordinary course of business, without further application to the Court, including making all payments, satisfying all obligations, and permitting and effectuating all setoffs in connection therewith, whether relating to the period prior or subsequent to the Petition Date.

4. Nothing herein shall impair or prejudice the Debtors' ability to contest, in their sole discretion, the extent, perfection, priority, validity, or amounts of any Customer Obligations. The Debtors do not concede that any claims that may be satisfied pursuant to this Interim Order are valid, and the Debtors expressly reserve all rights to contest the extent, validity, or perfection or seek the avoidance of all such liens or the priority of such claims.

K&E 36172031

5. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

6. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Customer Obligations or prepetition customer practices.

7. Notwithstanding anything to the contrary contained herein, (a) any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any order(s) regarding the debtor in possession financing (including with respect to any budgets governing or relating to such use) and (b) to the extent there is any inconsistency between the terms of such debtor in possession financing order(s) and any action taken or proposed to be taken hereunder, the terms of the debtor in possession financing order(s) shall control. For the avoidance of doubt, nothing herein shall modify, alter, or otherwise affect the rights or remedies of the agent or the lenders under the Debtors' debtor in possession financing facility.

8. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Interim Order or any payment made pursuant to this Interim Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtors, a waiver of the Debtors' rights to subsequently

4

K&E 36172031

dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

9. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

10. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

11. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules.

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

14. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Interim Order.

Dated:  May 14 2015
Richmond, Virginia

/s/ Keith L. Phillips
_____
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket:  May 14 2015

K&E 36172031

WE ASK FOR THIS:

/s/ Michael A. Condyles
Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
KUTAK ROCK LLP
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia  23219-3500
Telephone:     (804) 644-1700
Facsimile:     (804) 783-6192

- and -

Stephen E. Hessler (*pro hac vice* pending)
Patrick Evans (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

- and -

James H.M. Sprayregen, P.C.
Ross M. Kwasteniet (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Proposed Counsel for the Debtors and
Debtors in Possession*

## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Michael A. Condyles

K&E 36172031