Stephen E. Hessler (admitted *pro hac vice*)
Patrick Evans (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

James H. M. Sprayregen, P.C.
Ross M. Kwasteniet (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
KUTAK ROCK LLP
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia 23219-3500
Telephone: (804) 644-1700
Facsimile: (804) 783-6192

*Proposed Attorneys for the Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| PATRIOT COAL CORPORATION, et al., | ) Case No. 15-32450 (KLP) |
| Debtors. | ) Jointly Administered |

**SUPPLEMENTAL DECLARATION OF MICHAEL A. CONDYLES IN SUPPORT OF
THE DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING
THE DEBTORS TO EMPLOY AND RETAIN KUTAK ROCK LLP AS CO-COUNSEL
EFFECTIVE NUNC PRO TUNC TO THE PETITION DATE**

I, Michael A. Condyles, hereby declare (the "Supplemental Declaration"), pursuant to 28 U.S.C. § 1746, that the following statements are true and correct, to the best of my knowledge and belief, after due inquiry described herein.

1.     I am a partner with Kutak Rock LLP ("Kutak Rock" or the "Firm"),[1] a national law firm with approximately 500 lawyers in 17 offices located throughout the country, including an office in Richmond, Virginia located at 1111 East Main Street, Suite 800, Richmond, Virginia 23219.  I am an attorney, duly admitted and in good standing to practice in the Commonwealth of Virginia, the United States Bankruptcy Court for the Eastern District of Virginia, the United States District Court for the Eastern District of Virginia, and the United States Court of Appeals for the Fourth Circuit.

2.     I submit this Supplemental Declaration in support of the application (the "Application") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for an order authorizing the Debtors to retain and employ Kutak Rock *nunc pro tunc* to the Petition Date to represent them in the above-captioned chapter 11 cases at the Firm's hourly rates in effect at the time the service is rendered and in accordance with the Firm's normal reimbursement policies, pursuant to and in compliance with sections 327(a) and 329 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), and to provide the disclosures required under Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules").  The Supplemental Declaration is intended to supplement, but not replace, the Condyles Declaration and clarify the services that the firm will provide in these cases.

3.     I am duly authorized to make this Supplemental Declaration on behalf of Kutak Rock and to submit this Supplemental Declaration in support of the Application.  Unless

---

[1] Capitalized terms used herein but not defined herein shall have the meaning ascribed to them in the Application.

otherwise stated in this Supplemental Declaration, I have personal knowledge of the facts hereinafter set forth. To the extent any information disclosed herein requires amendment or modification upon the Firm's completion of further analysis or as additional information becomes available, a further supplemental declaration will be submitted to the Court reflecting such amended or modified information.

**Services to be Provided**

4.  In connection with its representation of the Debtors, Kutak Rock intends to perform the services set forth in the Application. By separate application, the Debtors have also asked the Court to approve the retention of Kirkland & Ellis LLP ("K&E") as co-counsel with respect to these chapter 11 cases. Kutak Rock has discussed the division of responsibilities with K&E and will make every effort to avoid duplication of efforts in connection with these chapter 11 cases. To specifically disclose the division of labor and to avoid unnecessary duplication of services, Kutak Rock proposes to primarily provide the following services for its engagement in these chapter 11 cases as co-counsel to the Debtors:

- Providing legal advice and services regarding local rules, practices, and procedures and providing substantive and strategic advice on how to accomplish the Debtors' goals in connection with the prosecution of these chapter 11 cases, bearing in mind that the Court relies on co-counsel such as Kutak Rock to be involved in all aspects of these bankruptcy cases;

- Reviewing, commenting, and/or preparing drafts of documents to be filed with the Court as co-counsel to the Debtors;

- Appearing in Court and at any meeting with the U.S. Trustee and any meeting of creditors at any given time on behalf of the Debtors as their co-counsel;

- Performing various services in connection with the administration of these chapter 11 cases, including, without limitation, (i) preparing agendas, certificates of no objection, certifications of counsel, notices of fee applications, motions and hearings, and hearing binders of

    documents and pleadings, (ii) monitoring the docket for filings and coordinating with K&E on pending matters, (iii) preparing and maintaining critical dates memoranda to monitor pending applications, motions, hearing dates, and other matters and the deadlines associated therewith, and (iv) handling inquiries from creditors, contract counterparties and counsel to parties-in-interest regarding pending matters and the general status of these chapter 11 cases and coordinating with K&E on any necessary responses;

- Interacting and communicating with the Court's chambers and the Court's Clerk's Office outside of hearings;

- Assisting the Debtors and K&E in preparing, filing and prosecuting pleadings related to contested matters, executory contracts and unexpired leases, asset sales, and plan and disclosure statement issues and resolving objections and other matters relating thereto, to the extent requested by the Debtors or K&E and not duplicative of services being provided by K&E; and

- Performing all other services assigned by the Debtors, in consultation with K&E, to Kutak Rock as co-counsel to the Debtors, and to the extent Kutak Rock determines that such services fall outside of the scope of services historically or generally performed by the firm as co-counsel in a bankruptcy proceeding, Kutak Rock will file a supplemental declaration pursuant to Bankruptcy Rule 2014 and give parties in interest opportunity to object.

5.    Any changes in the scope of Kutak Rock's retention will be made via supplemental Bankruptcy Rule 2014 statements, giving parties in interest an opportunity to object.

6.    Kutak Rock will report to the Debtors and K&E with respect to the above-outlined services and responsibilities.

7.    The retention of Kutak Rock as co-counsel to the Debtors will result in savings for the Debtors' estates because of Kutak Rock's competitive fee structure. In addition, because Kutak Rock maintains an office in Richmond, Virginia, the retention of Kutak Rock as co-counsel to the Debtors will result in additional costs savings for the estates since Kutak Rock attorneys will not need to bill for travel time or expenses related to such travel.

8.    As of the date hereof, no distinct matters have been identified where Kutak Rock

4

will serve as "conflicts counsel" because K&E has a conflict precluding it from representing the Debtors with respect to such matter. To the extent that Kutak Rock will serve as "conflicts counsel" in the future, Kutak Rock will file a supplemental declaration that will identify the nature of the conflict, including the identity of parties, a description of the representation and the terms of conflict waivers or covenants affecting the representation, if any, as well as a discussion of screening procedures or ethical walls.

**Specific Disclosures**

9. **Schedule 2** attached to the Condyles Declaration identified certain creditors, equity holders or other parties-in-interest that Kutak Rock currently represents or has represented within the past five years. For the year ending December 31, 2014, the fees received from the following entities identified on **Schedule 2** constituted more than 1% of Kutak Rock's annual revenues: (i) Wells Fargo Bank, N.A.; (ii) Wal-Mart Stores, Inc.; (iii) General Electric Company; (iv) PNC Financial Services Group; (v) U.S. Bank, N.A.; (vi) Zurich American Insurance Company; and (vii) JPMorgan Chase Bank, N.A. For the year ending December 31, 2013, the fees received from the following entities identified on Schedule 2 constituted more than 1% of Kutak Rock's annual revenues: (i) Wells Fargo Bank, N.A.; (ii) Wal-Mart Stores, Inc.; (iii) General Electric Company; (iv) PNC Financial Services Group; (v) Zurich American Insurance Company; and (vi) JPMorgan Chase Bank, N.A.

10. The foregoing, along with the Condyles Declaration, constitutes the statement of Kutak Rock pursuant to sections 327(a) and 329 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 29, 2015          By:  */s/ Michael A. Condyles*
                                        Michael A. Condyles
                                        Partner
                                        Kutak Rock LLP