# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| PATRIOT COAL CORPORATION, et al. | Case No. 15-32450-KLP |
| Debtors | Jointly Administered |

**OBJECTIONS OF THE COMMONWEALTH OF KENTUCKY, ENERGY AND ENVIRONMENT CABINET TO DEBTORS' DISCLOSURE STATEMENT AND JOINT PLAN OF REORGANIZATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

Comes now the Commonwealth of Kentucky, Energy and Environment Cabinet (hereinafter "Cabinet"), a creditor, by and through counsel, to file its Objections to Debtors' Disclosure Statement for Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code ("Disclosure Statement") and Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code ("Reorganization Plan" or "plan") filed by the Debtors on July 13, 2015.  In support of its opposition, the Cabinet states as follows:

1. The Cabinet is an executive branch agency of the Commonwealth of Kentucky charged with the statutory duty of protecting public health and the environment by enforcing laws relating to surface and underground coal mining found in Kentucky Revised Statutes ("KRS") Chapter 350 and the regulations promulgated pursuant thereto.

2. KRS 350.060 requires a person to obtain a permit to engage in surface coal mining and reclamation operations from the Cabinet.  The Permittee is required to "comply with the terms and conditions of the permit, including the plans and other

1

documents submitted as part of the application and approved by the cabinet and the applicable requirements of KRS Chapter 350 and 405 KAR Chapters 7 through 24." 405 KAR 8:010, Section 2(3). Permittees are required to perform reclamation operations, including, backfilling, grading, topsoil redistribution, liming, fertilizing, other soil preparation, seeding, planting, mulching, and re-vegetation of all land that is disturbed by mining activities, as contemporaneously as practicable with mining operations.

3.    Debtors have been issued twenty-four permits by the Cabinet's Department for Natural Resources to mine coal in the Illinois basin of Western Kentucky. They are as follows:

| PERMITTEE | PERMIT(S) |
| --- | --- |
| Patriot Coal Corporation | 851-0036 |
|  | 851-0038 |
|  | 851-0039 |
|  | 851-0040 |
|  | 851-0041 |
|  | 851-0042 |
|  | 851-0043 |
|  | 851-0045 |
|  | 851-5005 |
|  | 851-5006 |
|  | 851-7008 |
|  | 851-0046 |
|  | 851-7006 |
|  | 851-8004 |
| Corydon Resources, LLC | 851-5009 |
| Dodge Hill Mining Company, LLC | 913-5020 |
|  | 913-5019 |
| Heritage Coal Company, LLC | 892-5000 |
|  | 913-5011 |
|  | 913-9002 |
|  | 913-9005 |
|  | 913-9004 |
| Highland Mining Company, LLC | 913-5012 |
|  | 913-8001 |

4. By information and belief, of these twenty-four permits, nine are involved in the sale of assets and transfer of permits by the Debtors to Prairie Mining Company, LLC, and Prairie Dock Company, LLC. They are as follows:

| PERMITTEE | PERMIT(S) |
|---|---|
| Corydon Resources, LLC | 851-5009 |
| Dodge Hill Mining Company, LLC | 913-5020<br>913-5019 |
| Heritage Coal Company, LLC | 913-5011<br>913-9002<br>913-9005<br>913-9004 |
| Highland Mining Company, LLC | 913-5012<br>913-8001 |

5. The remaining fifteen permits are not included in any transfer, are not a part of the Blackhawk Asset Purchase Agreement, and are not provided for in the Plan of Reorganization.

6. Of the remaining fifteen permits, eleven are in active reclamation status where mining is complete, but field work remains on the permit sites to comply with the requirements of KRS Chapter 350 and 405 KAR Chapter 18. Permittees must remove all structures, close underground openings, and permanently reclaim the permit to comply with statutory and regulatory requirements and the approved post-mining land use. 405 KAR 18:010.

7. Two of the remaining permits are in phase one bond release status which means initial reclamation work is complete, but prior to final bond release, the permit requires revegetation, the return of soil productivity, and the Cabinet must observe that the permit is not causing any water quality issues. 405 KAR 10:040.

8. Two of the permits were never disturbed.

3

9. Pursuant to the federal Surface Mining Reclamation and Control Act (hereinafter "SMCRA"), Chapter 350 of the Kentucky Revised Statutes, and Chapter 405 of the Kentucky Administrative Regulations, the Debtors retain liability both environmental and financial for those permits until final bond release or permit transfer.

10. Debtors are members of the Kentucky Reclamation Guaranty Fund, as established by KRS Chapter 350 and 405 KAR Chapter 10. Under this program, they are assessed quarterly fees for both their productive and dormant permits.

11. 11 U.S.C. §1129 states the requirements to be met for confirmation of a plan. Specifically, the statute states in relevant part, "the court shall confirm a plan only if all of the following requirements are met (3) the plan has been proposed in good faith and not by any means forbidden by law."

12. The Disclosure Statement and Reorganization Plan do not provide for the environmental obligations that the Debtors owe to the Commonwealth of Kentucky, and thus the plan is not permissible under applicable Kentucky law. The Disclosure Statement and Reorganization Plan filed by the Debtors makes apparent that the proposed sales affect only the most profitable of permits, leaving dozens of permits, not only in Kentucky but in the surrounding region, without the resources to meet the Debtors' reclamation obligations on the remaining permit. None of the fifteen permits that the Debtors do not intend to sell are actively producing coal, which means that the resources necessary to maintain the permits and reclaim them will not be generated by coal production. Therefore, the means with which to meet the environmental obligations must be provided for in the Disclosure Statement, which they are not.

13.   No provisions have been made in the Debtors' Plan to meet their financial obligations to the Kentucky Reclamation Guaranty Fund.  To date, Debtors owe the Fund over thirty thousand dollars ($30,000) and continue to increase the balance quarterly.  The Disclosure Statement and Reorganization Plan do not address this regulatory requirement, and the Debtors must pay these fees in order to satisfy the requirements of Kentucky law.

14.   In addition to the requirements under KRS Chapter 350 to return the permit areas to the agreed upon post-mining land use, the Debtors, as permittees, have ongoing environmental obligations to maintain the permits and prevent violations from occurring.  It is obvious that new violations could occur on the Debtors' permits at any time, yet it is unclear whether Debtors will have the resources and equipment to prevent or repair any problems which occur on these permits, as a result of the proposed sales.  These violations could also incur penalties not provided for in the Reorganization Plan.

15.   Pursuant to 405 KAR Chapter 10, the Cabinet conducts periodic reviews of the adequacy of bonding for each permit it has issued.  Due to the changing conditions and bonding regulations, the Cabinet could require additional bonding for the permits at its periodic review, and the Reorganization Plan does not seem to provide resources to meet these obligations.

16.   To allow such a piecemeal sale of the Debtors' permits without ensuring the Debtors maintain adequate funds to meet their reclamation and financial obligations would be to allow for an impermissible abandonment of the remaining permits which in turn would cause serious financial harm to the Commonwealth of Kentucky, as it must undertake the outstanding reclamation itself.

17. The Disclosure Statement should be amended to disclose how the Debtors intend to comply with applicable state laws and address how such claims will be incorporated into the Reorganization Plan.

> Respectfully Submitted,
>
> KENTUCKY ENERGY AND
> ENVIRONMENT CABINET
>
> */s/ Anna K. Girard*_____
> Anna K. Girard (Ky. Bar No. 94071)
> Diane Schuler Fleming (Ky. Bar No. 83584)
> Office of General Counsel
> 2 Hudson Hollow
> Frankfort, Kentucky  40601
> Phone: (502) 564-2356
> Fax: (502) 564-9212
> Anna.girard@ky.gov
> Diane.fleming@ky.gov
>
> COUNSEL FOR KENTUCKY ENERGY
> AND ENVIRONMENT CABINET

## Certificate of Service

It is hereby certified that a copy of the foregoing was served this 7th day of August, 2015, electronically in accordance with the method established under this Court's CM/ECF Administrative Procedures and Standing Order dated July 25, 2002 upon all parties in the electronic filing system in this case.

> */s/ Anna K. Girard*_____