Kevin W. Barrett
Special Assistant Attorney General
   for the State of West Virginia
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, West Virginia 25301
Tel: (304) 345-6555
Fax: (304) 342-1110

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| PATRIOT COAL CORPORATION, *et al.*, | Case No. 15-32450 (KLP) |
| Debtors. | Jointly Administered |

### THE WEST VIRGINIA DEPARTMENT OF ENVIRONMENTAL PROTECTION'S OBJECTION TO APPROVAL OF THE DEBTORS' DISCLOSURE STATEMENT

The West Virginia Department of Environmental Protection appears specially[1] for the limited purpose of objecting to the approval of the disclosure statement for the Debtors' joint plan of reorganization [Doc 498]:

    1.    Neither the Debtors' joint proposed plan of reorganization nor the related disclosure statement is what it purports to be.

---

[1] WVDEP continues to exercise police and regulatory authority over the Debtors and their surface mining and reclamation operations within the State of West Virginia in accordance with section 362(b)(4) of the Bankruptcy Code and section 959 of Title 28 of the United States Code. Neither this objection, nor WVDEP's filing thereof, nor any other appearance, pleading, claim, or suit by WVDEP shall constitute or be deemed a waiver of WVDEP's right to continue to regulate or enforce applicable laws, rules, or orders against the Debtors in any appropriate forum outside of this Court, the sovereign immunity of the State of West Virginia or WVDEP, or any other right, claim, cause of action, or defense, or the submission by the State of West Virginia or WVDEP to this Court's jurisdiction for any purpose whatsoever.

2. Perhaps first and foremost, the proposed plan is not the same plan Patriot has discussed with WVDEP. In fact, since filing the proposed plan, Patriot has discussed two different plan concepts, both of which bear little or no resemblance to the liquidating chapter 11 plan on file. And, based upon WVDEP's last conversation with Patriot management just last week, WVDEP understands that the Debtors anticipate filing an "amended" plan that will bear no real resemblance to the plan on file.

3. Moreover, rather than the *Debtors'* plan, the joint plan appears instead to be of, by, and for the New York hedge funds that lurk behind this entire chapter 11 case. In effect, if not in fact, the hedge funds presented the proposed Blackhawk sale transaction and the proposed plan to Patriot as its only viable option and, pursuant thereto, propose to cause Patriot to "sell" its only valuable assets, appropriate the full value of those assets entirely for themselves, and leave Patriot (or the "liquidating trust" created under the proposed plan) with its remaining mining operations and permits, its enormous environmental liabilities and obligations, and little to no ability to perform its nondischargeable responsibilities under applicable federal and State environmental laws to reclaim the land and treat the acid mine drainage and other water pollution problems left in the wake of its mining operations. It bears pointing out, moreover, that the hedge funds will take equity in the purchaser and thus sit on both sides of that "sale" transaction, propose effectively to "sell" those assets to themselves, and purport to appropriate that value on account of their "secured claims" despite the fact that those claims are largely, if not entirely, unsecured. It also bears pointing out that the hedge funds (and all the Debtors' other institutional creditors) who will walk off with that value invested willingly and knowingly in a coal mining company vested with critical extant responsibilities under federal and state environmental laws to restore the land and water. Indeed, even in connection with the debtor in possession financing in

these cases, they specifically required and provided the funding necessary to enable the Debtors to comply with those laws as a condition of their investment. *See, e.g.,* Motion to Authorize Postpetition Financing [Doc 30] at pp. 4-5, ¶ 5; Final Order Authorizing Postpetition Financing [Doc 230], at Exhibit 1, § 5.09.

4. The impact of the proposed plan cannot be overstated. Patriot (or the "liquidating trust" created under the proposed plan), denuded of its only valuable assets and the proceeds therefrom, will be left with no real assets with which to deal with hundreds of millions of dollars of legal obligations to reclaim the land and treat water. Indeed, the plan appears to foist upon the Debtors' estates, creditors, and other parties in interest many of the expenses and liabilities associated with the "sale" and the chapter 11 cases, thus allowing the Debtors' institutional creditors and hedge funds to walk away with all the value while bearing none of the expenses of the "sale" and plan, much less bearing any of the costs of restoring the land and treating the polluted water left from Patriot's operations that benefited them. As a result, the proposed plan, if confirmed, would leave the people of the State of West Virginia and other States in which the Debtors operated exposed to the imminent public health and safety risks specifically identified and addressed in two critical federal environmental laws and their State law equivalents.

5. The disclosure statement accompanying the proposed plan represents yet another misnomer. It discloses *nothing* as to the plan for which Patriot will actually seek confirmation. It discloses very little as to the connections of the hedge funds backing the Blackhawk sale, either to the purchaser or to Patriot or to the proposed sale transaction and plan. And it discloses *nothing* as to the mining operations and properties left behind, the vast environmental liabilities and obligations associated with them, or how, if at all, the Debtors (or the "liquidating trust") will comply with applicable federal and state law and address those nondischargeable liabilities

and obligations.  Thus, particularly as to Patriot's remaining assets and mining and reclamation operations and their associated substantial environmental liabilities and obligations, the disclosure statement contains *no* information, much less "adequate information" within the meaning of section 1125 of the Bankruptcy Code.

6. WVDEP, accordingly, objects to approval of the disclosure statement as grossly and facially inadequate and fully reserves its rights to object to any amended or modified disclosure statement on both procedural and substantive grounds as well as to confirmation of the Debtors' proposed joint plan or any subsequent amended plan.

Dated:  August 10, 2015              */s/Kevin W. Barrett*
                                     Kevin W. Barrett
                                     Special Assistant Attorney General
                                        for the State of West Virginia
                                     BAILEY & GLASSER LLP
                                     209 Capitol Street
                                     Charleston, West Virginia 25301
                                     Tel:  (304) 345-6555
                                     Fax:  (304) 342-1110
                                     kbarrett@baileyglasser.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2015, I caused **THE WEST VIRGINIA DEPARTMENT OF ENVIRONMENTAL PROTECTION'S OBJECTION TO APPROVAL OF THE DEBTORS' DISCLOSURE STATEMENT to** be filed with and uploaded to this Court's CM/ECF system, which will send notification of such filing to all CM/ECF participants.

                                                         */s/Kevin W. Barrett*