**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PATRIOT COAL CORPORATION, et al.,**[1] | **Case No. 15-32450 (KLP)** |
| **Debtor** | **Jointly Administered** |

**OBJECTION OF SHONK LAND COMPANY, LLC AND REALCO LIMITED LIABILITY COMPANY TO DEBTORS' MOTION FOR ENTRY OF ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) APPROVING SOLICITATION AND NOTICE MATERIALS; (III) APPROVING FORMS OF BALLOTS; (IV) ESTABLISHING SOLICITATION AND VOTING PROCEDURES; (V) ESTABLISHING PROCEDURES FOR ALLOWING AND ESTIMATING CERTAIN CLAIMS FOR VOTING PURPOSES; (VI) SCHEDULING A CONFIRMATION HEARING AND (VII) ESTABLISHING NOTICE AND OBJECTION PROCEDURES AND OBJECTION TO THE DEBTORS' DISCLOSURE STATEMENT FOR DEBTORS JOINT PLAN OF REORGANIZATION PURSUANT TO <u>CHAPTER 11 OF THE BANKRUPTCY CODE</u>**

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are as follows: Emerald Processing, L.L.C. (6524); Kanawha Eagle Coal, LLC (9926 Patriot Coal Corporation (2045); Apogee Coal Company, LLC (2865); Appalachia Mine Services, LLC (0233); Black Stallion Coal Company, LLC (7792); Brody Mining, LLC (0610); Catenary Coal Company, LLC (5836); Central States Coal Reserves of Kentucky, LLC (0681); Colony Bay Coal Company LLC (4613); Cory don Resources LLC (3790); Coyote Coal Company LLC (6141); Dodge Hill Mining Company, LLC (8899); Eastern Associated Coal, LLC (5516); Eastern Royalty, LLC (8759); Gateway Eagle Coal Company, LLC (6908); Grand Eagle Mining, LLC (0622); Heritage Coal Company LLC (6920); Highland Mining Company, LLC (9675); Hillside Mining Company LLC (5451); Hobet Mining, LLC (6083); Jupiter Holdings LLC (8670); Kanawha River Ventures III, LLC (6617); Little Creek LLC (1764); Midland Trail Energy LLC (9024); Midwest Coal Resources II, LLC (0003); Mountain View Coal Company, LLC (4206); Panther LLC (3722); Patriot Coal Company, L.P. (8748); Patriot Coal Holdings I LLC (4872); Patriot Coal Holdings II LLC (2361); Patriot Coal Sales LLC (2530); Patriot Coal Services LLC (9485); Patriot Leasing Company LLC (9264); Patriot Midwest Holdings, LLC (0400); Patriot Reserve Holdings, LLC (5596); Patriot Ventures LLC (5661); Pine Ridge Coal Company, LLC (7187); Remington LLC (3721); Rhino Eastern JV Holding Company LLC (6329); Rivers Edge Mining LLC (8371); Robin Land Company, LLC (0125); Speed Mining LLC (2194); Thunderhill Coal LLC (9813); Wildcat Energy LLC (9955); Wildcat, LLC (3526); Will Scarlet Properties LLC (3074); and WWMV JV Holding Company LLC (2570).

| | |
|---|---|
| Christopher S. Smith, Esquire (WV State Bar No. 3457) | Augustus C. Epps, Jr., Esquire (VSB No. 13254) |
| Nicola D. Smith, Esquire (WV State Bar No. 11251) | Jennifer M. McLemore, Esquire (VSB No. 47164) |
| HOYER, HOYER & SMITH, PLLC | CHRISTIAN & BARTON, LLP |
| 22 Capitol Street | 909 East Main Street, Suite 1200 |
| Charleston, West Virginia 25301 | Richmond, Virginia 23219-3095 |
| Telephone: (304) 344-9821 | Telephone: (804) 697-4100 |
| Facsimile: (304) 344-9519 | Facsimile: (804) 697-6112 |
| Email: Chris@hlismlaw.com | Email: aepps@cblaw.com |
| Email: Nickyhhsmlaw@gmail.com | Email: jmclemore@cblaw.com |
| *Counsel for Shonk Land Company, LLC and Realco Limited Liability Company* | *Local Counsel for Shonk Land Company, LLC and Realco Limited Liability* |

Shonk Land Company, LLC ("Shonk") and Realco Limited Liability Company ("Realco") hereby object to the above-captioned Debtors' (the "Debtors") Motion for Entry of Order (I) Approving the Disclosure Statement; (II) Approving Solicitation and Notice Materials; (III) Approving Forms of Ballots; (IV) Establishing Solicitation and Voting Procedures; (V) Establishing Procedures for Allowing and Estimating Certain Claims for Voting Purposes; (VI) Scheduling a Confirmation Hearing and (VII) Establishing Notice and Objection Procedures (docket item 497) (the "Motion") along with their objection to the adequacy of the Debtors' Disclosure Statement for the Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code (docket item 498) (the "Disclosure Statement").

In support of their objections to the Motion and the Disclosure Statement (the "Objection"),[2] Shonk and Realco state the following:

### PRELIMINARY STATEMENT

1.  The Motion should be denied and the Disclosure Statement should be found to contain inadequate disclosure pursuant to 11 U.S.C. § 1125 for its failure to provide "adequate information" to the Debtors' creditors and other parties in interest.  As a preliminary matter, while the Disclosure Statement and its exhibits identify the Debtors' numerous environmental liabilities and active litigation, the Disclosure Statement lacks the requisite specificity in its description of the disposition of such liabilities.  Similarly, through error or omission, the exhibits to the Disclosure Statement provide an incomplete picture of which assets are to be assumed and which are to remain with the Debtors after the sale to Blackhawk Mining LLC (the "Blackhawk Transaction").  Finally, the Disclosure Statement does not make clear the source of funds for the Debtors' (a) cure obligations, which will be triggered by the Blackhawk

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

Transaction; (b) administrative obligations, which the Disclosure Statement seems to indicate will be funded shortly after the effective date of a plan; or (c) the environmental obligations that are not a part of the Blackhawk transaction.

## BACKGROUND

2. On May 12, 2015 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3. The Debtors continue to operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. Shonk is lessor under several separate, discrete leases with the Debtors. Realco is lessor under a lease with the Debtors (collectively, the "Leases").

5. On June 23, 2015, the Debtors filed the Asset Purchase Agreement between the Debtors and Blackhawk Mining, LLC (docket item 385) (the "APA").

6. On July 13, 2015, the Debtors filed the Motion and the Disclosure Statement.

7. On July 29, 2015, the Debtors filed the schedules to the APA (docket item 694) (the "Schedules").

## OBJECTION AND MEMORANDUM IN SUPPORT

8. The Debtors' Motion should be denied and the Disclosure Statement should not be approved as it fails to provide adequate information as is required by 11 U.S.C. § 1125.

9. Section 1125(a) of the Bankruptcy Code states that

(1) "adequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or

proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information . . .

*See id.*

### A. Environmental Liabilities and Indemnification Obligations

10. While the Disclosure Statement and its exhibits clearly identify the Debtors' numerous environmental liabilities and the active litigation, which may lead to future environmental liabilities, the Disclosure Statement does not provide the requisite guidance as to the proposed treatment of those obligations.

11. From what Shonk and Realco can discern, at least one of the Leases containing an indemnification obligation is being assumed in Blackhawk Transaction. *See* Schedule 3.06(a)(I), the Assumed Leases. However, Shonk and Realco have been unable to determine from the terms of the Disclosure Statement, the APA, and its Schedules whether this transaction seeks to strip that Lease of its indemnification obligations. Such a bifurcation of the benefits and burdens of a lease is impermissible. However, the Disclosure Statement and its exhibits do not make plain the intended treatment of the indemnification obligations under the assumed leases in the Blackhawk Transaction. If the Debtors assume executory contracts such as the Leases, the Debtors must assume all of the related parcels, permits, and obligations. *See Shangra-La, Inc. v. Three Sisters Partners, L.L.C.*, 176 F.3d 843, 849 (4th Cir. 1999) (citing *Adventure Resources, Inc. v. Holland*, 137 F.3d 786, 798 (4th Cir.), *cert. denied*, 117 S. Ct. 404 (1998)) ("When the Debtor assumes its unexpired lease . . . it assumes it *cum onere*—the debtor must accept the obligations of the executory contract along with the benefits.").

12. For these reasons, the Motion should be denied and the Disclosure Statement must be found inadequate.

4

### B. Assumed Leases and Transferred Permits

13. In its description of the assumed leases, the Disclosure Statement and its exhibits provide insufficient information by which Shonk and Realco can satisfactorily identify its assets. *See* Schedule 3.06(a)(I). While Shonk and Realco believe that they have successfully identified the leases that may be subject to assumption and assignment to Blackhawk, schedule 2.01(g) of the Schedules, the schedule of Transferred Permits, draws the conclusions of Shonk and Realco on this issue into question. Furthermore, it appears that not all of the permits related to those properties that are the subject of the Leases proposed to be assumed are included on the Transferred Permits schedule. This proposed bifurcation of lease provisions is impermissible under the Bankruptcy Code. *See Shangra-La, Inc. v. Three Sisters Partners, L.L.C.*, 176 F.3d at 849; *Adventure Resources, Inc. v. Holland*, 137 F.3d at 798 (4th Cir.), *cert. denied*, 117 S. Ct. 404 (1998)). As the Debtors have provided no explanation for the inconsistency between the Assumed Leases schedule and the Transferred Permits schedule, adequate information has not been provided. If the Debtors seek to assume only portions of a lease in contravention to the provisions of the Bankruptcy Code, this goal should be plainly stated and not buried in inconsistencies between different Schedules to the APA.

### C. Source of Funds Post-Closing of the Blackhawk Transaction

14. The Disclosure Statement does not make clear the source of funds for (a) cure payments, which must be paid upon the closing of the Blackhawk Transaction; (b) the administrative claims being incurred by the Debtors' estates, which the Disclosure Statement seems to indicate will be funded shortly after the effective date of the plan; or (c) environmental obligations that are not going to be assumed in the Blackhawk Transaction, many of which are significant and ongoing.

15. Specifically, the Disclosure Statement states the following:

D. Implementation of the Plan
1. Sources of Consideration for Plan Distributions
The Confirmation Order shall be deemed to authorize, among other things, the Restructuring Transactions. All amounts and securities necessary for the Debtors (on the Effective Date), the Combined Company, or Liquidating Trust (after the Effective Date), as applicable, to make payments or distributions pursuant to this Plan shall be obtained from, among other things, the liabilities assumed, consideration paid by Blackhawk, and Cash raised or held by the Debtors.

Disclosure Statement, p. 57.

16. The Disclosure Statement also provides as a condition to closing the Blackhawk Transaction of "the Combined Company receiving at least $50 million of cash from the proceeds of the Rights Offerings, subject to decreases with respect to a DIP/LC Improvement . . ." *Id.* at p.40. However, the Disclosure Statement does not make clear the amount of the DIP/LC Improvement.[3]

---

[3] As described in Article IV.B.5 above, the amount of Cash to be raised by the Rights Offerings may be reduced by the occurrence of a DIP/LC Improvement as follows: (i) with respect to a DIP/LC Improvement of $27 million or less, an amount equal to all or any portion of such DIP/LC Improvement may be allocated as term loans issued as part of the First Lien Term Loan at Blackhawk's election to fund working capital post-Closing, or Blackhawk may elect that any remaining portion of such DIP/LC Improvement be allocated to reduce the amount of the First Lien Term Loan, the First Lien L/C Facility and/or (if the New ABL is entered into replace or refinance amounts under the Existing Patriot ABL Drawn LCs or Existing Patriot ABL Undrawn LCs) the New ABL, as applicable, in each case at or following Closing; (ii) with respect to a DIP/LC Improvement greater than $27 million and up to $46 million, $27 million of such DIP/LC Improvement shall be allocated pursuant to clause (i) above, and an amount equal to the remainder of such DIP/LC Improvement shall be allocated to reduce the amount of cash to be raised in the Patriot First Lien Rights Offering on a dollar for dollar basis; (iii) with respect to a DIP/LC Improvement of greater than $46 million and up to $77 million, $46 million of such DIP/LC Improvement shall be allocated pursuant to clause (ii) above, and an amount equal to the remainder of such DIP/LC Improvement shall be allocated to reduce the amount of cash to be raised in the Patriot Second Lien Rights Offering on a dollar for dollar basis to as low as zero; and (D) with respect to a DIP/LC Improvement of greater than $77 million, $77 million of such DIP/LC Improvement shall be allocated pursuant to clause (iii) above, and an amount equal to the remainder of such DIP/LC Improvement shall be allocated to reduce the amount of the First Lien Term Loan, the First Lien L/C Facility and/or (if the New ABL is entered into replace or refinance amounts under the Existing Patriot ABL Drawn LCs or Existing Patriot ABL Undrawn LCs) the New ABL, as applicable.

*Id.* at p. 93.

6

17. Without more on this subject, it is unclear whether the Debtors will be able to fund its cure obligations, administrative expenses, and environmental obligations that remain with the Debtors pursuant to a plan. The lack of clarity on this subject cannot be adequate information as contemplated by 11 U.S.C. § 1125.

18. Shonk and Realco reserve the right to join in the objections to the Motion filed by other similarly situated, interested parties.

19. Nothing in this Objection is intended to be, or should be construed as, a waiver by Shonk and Realco of their rights under the Leases, the Bankruptcy Code, or applicable law. Shonk and Realco expressly reserve all such rights, including, but not limited to the right to (a) object to confirmation of any plan of reorganization filed by the Debtors or other parties; (b) object to any cure amount; (c) assert any nonmonetary defaults under the Leases.

Dated: August 10, 2015

**SHONK LAND COMPANY, LLC, and REALCO LIMITED LIABILITY COMPANY**

By: /s/ Augustus C. Epps, Jr.
Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
CHRISTIAN & BARTON, LLP
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-6112
and
Christopher S. Smith, Esquire (WV State Bar No. 3457)
Nicola D. Smith, Esquire (WV State Bar No. 11251)
HOYER, HOYER & SMITH, PLLC
22 Capitol Street
Charleston, West Virginia 25301
Telephone: (304) 344-9821
Facsimile: (304) 344-9519
Email: Chris@hlismlaw.com
Email: Nickyhhsmlaw@gmail.com

*Counsel for Shonk Land Company, LLC and Realco Limited Liability Company*

## Certificate of Service

      I hereby certify that on the 10th day of August, 2015, a copy of the forgoing pleading was served via electronic delivery and/or first class mail, postage prepaid on the parties required by Court's Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief (Docket No. 79) as indicated on Schedule A (attached to the pleading filed with the Court).

                /s/Augustus C. Epps, Jr.

1800515