| | |
|---|---|
| Stephen E. Hessler (admitted *pro hac vice*) | Michael A. Condyles (VA 27807) |
| Patrick Evans (admitted *pro hac vice*) | Peter J. Barrett (VA 46179) |
| KIRKLAND & ELLIS LLP | Jeremy S. Williams (VA 77469) |
| 601 Lexington Avenue | KUTAK ROCK LLP |
| New York, New York 10022 | Bank of America Center |
| Telephone:   (212) 446-4800 | 1111 East Main Street, Suite 800 |
| Facsimile:   (212) 446-4900 | Richmond, Virginia 23219-3500 |
| | Telephone:   (804) 644-1700 |
| - and - | Facsimile:   (804) 783-6192 |

James H.M. Sprayregen, P.C.
Ross M. Kwasteniet (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200

*Counsel for the Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| PATRIOT COAL CORPORATION, *et al.*, | Case No. 15-32450 (KLP) |
| Debtors. | (Jointly Administered) |

**STIPULATION AND AGREED ORDER BETWEEN
THE DEBTORS AND THE UNITED MINE WORKERS OF AMERICA
1992 BENEFIT PLAN AND THE UNITED MINE WORKERS OF AMERICA
COMBINED BENEFIT FUND REGARDING LIABILITIES UNDER THE COAL ACT**

Patriot Coal Corporation and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), by counsel, and the United Mine Workers of America 1992 Benefit Plan (the "1992 Benefit Plan") and the United Mine Workers of America Combined Benefit Fund (the "Combined Benefit Fund") (and collectively with the 1992 Benefit Plan, the "Coal Act Funds") (the Coal Act Funds and the Debtors are the "Parties"), by counsel, hereby enter into this stipulation and consent order (this "Stipulation and Order") regarding *Debtors' Motion for Entry of an Order (I) Authorizing, But Not Directing, the Debtors to (A) Reject Their Collective*

*Bargaining Agreements, (B) Modify Certain Union-Related Retiree Benefits, and (C) Implement Terms of Their Section 1113 and Section 1114 Proposal, and (II) Granting Related Relief* [Docket No. 524] (the "<u>1113/1114 Motion</u>").  The Parties hereby state as follows:

WHEREAS on July 16, 2015, the Debtors filed the 1113/1114 Motion; and

WHEREAS the Coal Act Funds informed the Debtors that they opposed the relief sought in the 1113/1114 Motion as it relates to the Coal Act Funds and have filed an Objection to the 1113/1114 Motion [Docket No. 808].

NOW, THEREFORE, in consideration of the mutual promises contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby STIPULATED AND AGREED between the Debtors and the Coal Act Funds that:

1.     The 1113/1114 Motion is adjourned solely as to the relief requested therein related to the termination or any modifications of any obligations pursuant to the Coal Industry Retiree Health Benefit Act of 1992 (the "<u>Coal Act</u>").  The agreement to adjourn the 1113/1114 Motion as it relates to obligations under the Coal Act is without prejudice to the Debtors' ability to seek to eliminate their Coal Act obligations pursuant to the 1113/1114 Motion at a later hearing, on at least ten days' notice to the Coal Act Funds, to be set on a date that is reasonably convenient for counsel to the Coal Act Funds; nothing in this Stipulation shall prejudice or otherwise limit the ability of the Coal Act Funds to renew their Objection to the 1113/1114 Motion or to enforce the provisions of the Coal Act as against the Debtors in the event that the Debtors seek to eliminate their Coal Act obligations pursuant to the 1113/1114 Motion or otherwise.  The Coal Act Funds agree, solely with regard to these bankruptcy cases and without

prejudice in any other case, that the Debtors may proceed with the 1113/1114 Motion after the effective date of the Debtors' plan of reorganization.

2. The Debtors shall continue to comply with their Coal Act obligations through the earliest of (a) the closing date of the sale of all or substantially all of their operating assets, whether through one sale or a series of sale transactions (it being acknowledged and agreed that if each of the sales contemplated by the Blackhawk APA and the VCLF APA (each as defined in *Third Amended Disclosure Statement for Debtors' Third Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code*) is consummated or if sales substantially similar to such sales are consummated, such sales will qualify as a sale of substantially all of the Debtors' operating assets), (b) the permanent cessation of the Debtors' business activities (other than mining activities incident to reclamation), (c) further order of the Bankruptcy Court authorizing modification of the Debtors' Coal Act obligations, and (d) the date on which both Peabody Energy Corporation, Arch Coal, Inc. and their relevant affiliates have resumed responsibility (voluntarily or otherwise) for the Debtors' Coal Act obligations.  The Debtors agree that all amounts that may be or have been paid by the Debtors pursuant to the Coal Act are authorized and are not subject to avoidance under Section 549 of the Bankruptcy Code or otherwise.

3. Provided that the Debtors do not seek to terminate or modify their Coal Act obligations through the 1113/1114 Motion or otherwise, the Coal Act Funds agree, solely with regard to these bankruptcy cases and without prejudice in any other case, that upon the consummation of the sale(s) of substantially all of the Debtors' operating assets (whether pursuant to one sale or a series of sale transactions) and/or the permanent cessation of the Debtors' business activities (other than mining activities incident to reclamation), the Debtors

3

shall no longer be "in business" as defined in the Coal Act and therefore shall have no further obligation to pay premiums to the Combined Benefit Fund under Sections 9704 and 9706 of the Coal Act or to establish and maintain an individual employer plan under Section 9711 of the Coal Act.

4.  Subject to the terms and agreements set forth herein, and provided that the Debtors do not seek to terminate or modify their Coal Act obligations through the 1113/1114 Motion or otherwise, solely with regard to these bankruptcy cases and without prejudice in any other case, the 1992 Benefit Plan agrees that upon the earliest to occur of (a)-(d) in Paragraph 2 hereof, the 1992 Benefit Plan will look to non-Debtor "related persons" of the Debtors, including Peabody Energy Corporation and Arch Coal, Inc. and their relevant affiliates, for compliance with the Debtors' obligations under Sections 9711 and 9712 of the Coal Act.

5.  The Coal Act Funds further agree that if the Debtors sell some but not substantially all of their operating assets, then the Coal Act Funds will confer in good faith regarding whether the Debtors remain in business under the Coal Act.

6.  Subject to the terms and agreements set forth herein, and provided that the Debtors do not seek to terminate or modify their Coal Act obligations through the 1113/1114 Motion or otherwise, solely with regard to these bankruptcy cases and without prejudice in any other case, the Combined Benefit Fund agrees to waive the right to assert that the entire annual premium assessed on October 1, 2015 under Section 9704 of the Coal Act is entitled to priority under the Bankruptcy Code, regardless of whether the Debtors have sold substantially all of their operating assets or otherwise ceased business activities by October 1, 2015. For the avoidance of doubt, however, the foregoing waiver does not affect the Debtors' obligation to pay any monthly

installments of that annual premium that come due before the Debtors cease to be "in business" under Sections 9704 and 9706 of the Coal Act.

7. The Coal Act Funds agree, solely with regard to these bankruptcy cases and without prejudice in any other case, not to oppose a provision in an order of the Bankruptcy Court to the effect that the Debtors' sale of assets is free and clear of any and all liens, claims, and interests and that such sale shall not obligate the purchaser to comply with the Debtors' obligations under the Coal Act.

8. The Debtors shall use commercially reasonable efforts to cooperate with the Coal Act Funds to compel Peabody Energy Corporation and Arch Coal, Inc. and their relevant affiliates to establish individual employer plans and to accept responsibility for all obligations under the Coal Act to the extent required by law. The Debtors agree to cooperate with the Coal Act Funds and, as applicable, Peabody Energy Corporation and Arch Coal, Inc. and their relevant affiliates, to ensure the smooth transition of health benefits for affected beneficiaries.

9. The undersigned Parties, by and through their respective counsel, hereby represent and warrant that: (a) they have full authority to execute this Stipulation and Order; (b) they have full knowledge of, and have consented to, this Stipulation and Order; and (c) they are fully authorized to bind themselves to all of the terms and conditions of this Stipulation and Order.

10. The Court shall retain jurisdiction, and the Parties consent to such retention of jurisdiction, to resolve any disputes or controversies arising from or related to this Stipulation and Order.

11. No further service of this order shall be required as all necessary parties shall receive notice via ECF.

**THIS STIPULATION IS SO ORDERED**

Dated: Sep 1 2015

/s/ Keith L. Phillips

United States Bankruptcy Judge

Entered on Docket: Sep 1 2015

Stipulated and agreed:

*/s/ Michael A. Condyles*
Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
KUTAK ROCK LLP
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia 23219-3500
Telephone:     (804) 644-1700
Facsimile:     (804) 783-6192

- and -

Stephen E. Hessler (admitted *pro hac vice*)
Patrick Evans (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

- and -

James H.M. Sprayregen, P.C.
Ross M. Kwasteniet (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

Stipulated and Agreed:

**CROWLEY, LIBERATORE, RYAN & BROGAN, P.C.**

By:     /s/ Karen M. Crowley_____

Karen M. Crowley, VSB #35881
Ann B. Brogan, VSB #25567
150 Boush Street, Suite 300
Norfolk, VA 23510
Telephone: (757) 333-4500
Facsimile: (757) 333-4501

**MOONEY, GREEN, SAINDON, MURPHY & WELCH, P.C.**
Paul A. Green (admitted *pro hac vice*)
John R. Mooney, VSB #22212
1920 L Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 783-0010
Facsimile: (202) 783-6088

**MORGAN, LEWIS & BOCKIUS LLP**
John C. Goodchild, III
Rachel Jaffe Mauceri
1701 Market St.
Philadelphia, PA 19103-2921
Telephone:     (215) 963-5020
Facsimile:     (215) 963-5001
          - and –
Julia Frost-Davies
One Federal St.
Boston, MA 02110-1726
Telephone:     (617) 951-8422
Facsimile:     (617) 345-5054

*Attorneys for the UMWA 1992 Benefit Plan and the UMWA Combined Benefit Fund*

## **LOCAL RULE 9022-1 CERTIFICATION**

In accordance with Local Rule 9022-1, the foregoing proposed order has been endorsed by or served upon all necessary parties, including:

*/s/ Michael A. Condyles*

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
KUTAK ROCK LLP
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia 23219-3500
Telephone:    (804) 644-1700
Facsimile:    (804) 783-6192